IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FTR CONSULTING, INC., derivatively on behalf of MTC TECHNOLOGIES, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | C. A. No. 05-00008 (KAJ) |
| v. | ) ) ) | |
| RAJESH K. SOIN, VISHAL SOIN, AMOL SOIN, INDU SOIN and MTC TECHNOLOGIES, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF**
**DEFENDANT RAJESH SOIN'S MOTION TO STAY**

Richard L. Horwitz (#2246)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000

Of Counsel:

Attorney for Defendant Rajesh K. Soin

Geoffrey J. Ritts
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Tel: (216) 586-3939

Dated: March 4, 2005

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT.................................................................................................................................. 2

    I.    SEC Rule 16b-3 Applies To This Case.......................................................................... 2

    II.    Rajesh Soin Has Established That He Is Entitled To A Stay ..................................... 3

        A.    The Balance of Harms Weighs Decidedly in Favor of Granting a Stay ................................................................................................... 3

        B.    Not Staying the Proceedings Will Run the Risk of Further Inconsistent Adjudications............................................................................. 5

        C.    Uncertainty Regarding Adoption of the Proposed Amendment Should Not Influence the Decision to Grant a Stay ........................................................................................................................ 6

    III.    The SEC's Proposed Amendments Will Be Controlling Here .................. 7

        A.    If They Are Adopted, the SEC's Proposed Clarifying Amendments Will Have Retroactive Effect ................................................. 7

        B.    The Third Circuit Decision Does Not Preclude This Court from Considering the SEC's Proposed Amendments..................... 8

        C.    The SEC Would Not Exceed Its Authority if it Adopted the Proposed Clarifying Amendments................................................. 9

CONCLUSION............................................................................................................................. 11

# TABLE OF AUTHORITIES

## Federal Cases

In re Adelphia Communications Sec. Litig.,
    No. 02-1781, 2003 U.S. Dist. LEXIS 9736 (E.D. Pa. May 14, 2003) ............... 4

Bowen v. Georgetown Univ. Hosp.,
    488 U.S. 204 (1988) .............................................................................................. 7

Brand X Internet Servs. v. F.C.C.,
    345 F.3d 1120 (9th Cir. 2003), cert. granted, 160 L. Ed. 2d 655 (2004) ....... 8, 9

Clay v. Johnson,
    264 F.3d 744 (7th Cir. 2001) ............................................................................ 7, 8

Coran v. Snap-On Tools Corp.,
    408 F. Supp. 1060 (E.D. Wis. 1976) ................................................................... 4

Dentsply Int'l, Inc. v. Kerr Mfg. Co.,
    734 F. Supp. 656 (D. Del. 1990) .......................................................................... 4

Dreiling v. American Express Travel Related Serv. Co.,
    351 F. Supp. 2d 1077 (W.D. Wash. 2004) ......................................................... 6

First Nat'l Bank v. Standard Bank & Trust,
    172 F.3d 472 (7th Cir. 1999) ............................................................................... 7

Gryl v. Shire Pharms. Group PLC,
    298 F.3d 136 (2nd Cir. 2002), cert. denied, 537 U.S. 1191 (2003) ............... 3, 5

Jahn v. 1-800 Flowers.com, Inc.,
    284 F.3d 807 (7th Cir. 2002) ............................................................................... 7

Levy v. Sterling Holding Co., LLC,
    No. 00-994 (GMS), 2004 WL 2251268 (D. Del. Sept. 27, 2004) ........... passim

Manhattan Gen. Equip. Co. v. Commissioner,
    297 U.S. 129 (1936) .............................................................................................. 7

Neal v. United States,
    516 U.S. 284 (1996) .............................................................................................. 8

Orr v. Hawk,
   156 F.3d 651 (6th Cir. 1998) .................................................................................7

State Farm Mut. Auto. Ins. Co. v. Beckham-Easley,
   No. 01-5530, 2002 WL 31111766 (E.D. Pa. Sept. 18, 2002) ............................4

### Federal Statutes

21 U.S.C. § 841 ...............................................................................................................9

### Federal Regulations

17 C.F.R. § 240.16b-3 ............................................................................................ passim

17 C.F.R. § 240.16b-7 ..................................................................................................5, 8

### Miscellaneous

Exchange Act Release No. 34-37260, 61 Fed. Reg. 30,376 (June 14,
   1996) ....................................................................................................................9

Ownership Reports and Trading by Officers, Directors and Principal
   Security Holders, 69 Fed. Reg. 35,982 (proposed June 21, 2004) .......... passim

## INTRODUCTION

Plaintiff argues that the parties and the Court should bear the substantial burden of proceeding through preliminary motions and entering into discovery even though the U.S. Securities and Exchange Commission (the "SEC") has proposed amendments to SEC Rule 16b-3, 17 C.F.R. § 240.16b-3, which, if adopted, will dispose of this case. See Ownership Reports and Trading by Officers, Directors and Principal Security Holders, 69 Fed. Reg. 35,982 (proposed June 21, 2004) (to be codified at 17 C.F.R. pts. 228, 229, 240) (hereinafter, "Proposed Amendment Release"). In his opening brief, defendant Rajesh Soin ("Mr. Soin") explained at length why this Court can and should stay this case. (D. I. 4). Judge Sleet already has stayed another case in this District that raises the same issues as this one to await the SEC's action. See Levy v. Sterling Holding Co., LLC, No. 00-994 (GMS), 2004 WL 2251268 (D. Del. Sept. 27, 2004) (attached to Brief in Support of Defendant Rajesh Soin's Motion to Stay (hereinafter, "Motion to Stay")). (D. I. 4). In the interest of judicial economy and efficiency, and to preserve the resources of the parties, the Court should also stay this case.

In response, plaintiff fails to articulate any real harm that would flow from a stay. Plaintiff does not explain how any delay would prejudice it, and it does not deny that a stay will serve judicial economy. Plaintiff also ignores Mr. Soin's argument that proceeding with the present case before the SEC formally adopts the proposed amendments to Rule 16b-3 runs the risk of creating conflicts with other jurisdictions. That point is even more apt now than it was when cited by this Court in Levy as grounds for granting defendants' motion to stay. Since Levy, a district court in another circuit, the Ninth, has joined the Second Circuit in interpreting Rule 16b-3 at odds with the Third Circuit.

In contrast, Mr. Soin and this Court would suffer prejudice if a stay were denied. Failure to grant a stay (*i.e.*, proceeding with threshold motions) would result in a needless waste of resources of the parties and the Court. A stay will obviate the need for the Court to unnecessarily hear preliminary motions and for the parties to enter into discovery.

Plaintiff also disputes that the SEC's proposed amendments will be controlling. Plaintiff's arguments are without merit because the law is quite clear: The SEC has authority to interpret its *own regulations*; its interpretation is entitled to controlling weight; and, because the proposed amendment *clarifies* existing regulations, it will apply retrospectively to the present case.

## ARGUMENT

### I. SEC Rule 16b-3 Applies To This Case.

Plaintiff leads off with a startling judicial admission -- that SEC Rule 16b-3 does not apply to this transaction because "the complaint does not allege any acquisition of MTC securities by an officer or director of the Company." (Pl. Mem. Opp'n Mot. Stay (hereinafter "Pl.'s Answering Br." at 7.)) (D. I. 10). If plaintiff is to be taken at its word, then this case should be thrown out of court without further ado. If there was truly no "purchase" of MTC securities by an officer or director of the company, then it is not possible for Mr. Soin, a director and officer of MTC, to have violated Section 16(b).

Plaintiff is in fact contradicting its own express allegations in the complaint. The complaint alleges only one "purchase" of securities (*i.e.*, shares of MTC Technologies, Inc. ("MTC") common stock received by Vishal, Amol and Indu Soin, the sole owners of International Consulting Inc. ("ICI"), in connection with MTC's October 1, 2003 acquisition of ICI.) (See Compl. ¶¶ 11-17). (D. I. 1). There is no other "purchase" of securities to match with Mr. Soin's alleged "sale" of MTC securities on February 19,

2

2004 for purposes of Section 16(b). (See id. ¶ 18). The Complaint expressly states that "Rajesh is deemed to be the beneficial owner of all shares purchased by Amol and Vishal" (See id. ¶ 17) and "the purchases of stock by Indu, Vishal and Amol are attributed to Rajesh . . . ." (See id. ¶ 19). Rule 16b-3 is thus applicable because Mr. Soin is a director of MTC and the complaint states that the alleged "purchase" of MTC securities by Indu, Vishal and Amol should be attributed to him.

Plaintiff also argues that Rule 16b-3 would not exempt the transaction in this case because Mr. Soin has not demonstrated that MTC's Board of Directors formally approved the transaction. (See Pl.'s Answering Br. at 7) ("Soin provides no evidence of a board of directors meeting in which the issue was considered and the approval granted."). This statement is also incorrect. In Mr. Soin's Motion to Stay, Mr. Soin expressed his belief that the transaction is exempted under Section 16(b) precisely because it was approved by MTC's board of directors in accordance with Rule 16b-3(d)(1). (See Br. Supp. Mot. Stay at 1-2). As further evidence in support of this fact, Mr. Soin refers to the Declaration of Therese C. Mohn (Ex. A hereto), which certifies as to the authenticity of various corporate documents (annexed thereto), including Resolutions of the Independent Directors, which formally authorize the transaction in accordance with Delaware law.[1]

## II. Rajesh Soin Has Established That He Is Entitled To A Stay

### A. The Balance of Harms Weighs Decidedly in Favor of Granting a Stay

Plaintiff's answering brief states that when determining whether to stay an action "the Court must weigh the competing interests of the parties and attempt to maintain an

---

[1] To the extent that plaintiff has read a purpose-specific approval requirement into Rule 16b-3 (see Pl.'s Answering Br. at 7), it has done so in error. Rule 16b-3 does not require that the "board approve the [transaction] with an express indication that its approval was intended to invoke the exemption." Gryl v. Shire Pharms. Group PLC, 298 F.3d 136, 144-45 (2nd Cir. 2002), cert. denied, 537 U.S. 1191 (2003); see also SEC's Mem. Amicus Curiae Supp. Appellee's Petition Reh'g Or Reh'g En Banc at 24-26 (Ex. 1 to defendant's Motion to Stay).

even balance." (Pl.'s Answering Br. at 8) (quoting Dentsply Int'l, Inc. v. Kerr Mfg. Co., 734 F. Supp. 656, 658 (D. Del. 1990)). Yet plaintiff has not even attempted to explain how it would be prejudiced by any delay if the Court grants a stay. Plaintiff merely notes the importance of securing "the just, speedy and inexpensive determination of every action." (See Pl.'s Answering Br. at 5.) It is for precisely those reasons that defendant's motion should be granted. In the interest of judicial economy and efficiency, and to preserve the resources of the parties, the Court should grant Mr. Soin's motion to stay because the SEC's proposed amendments, if adopted, will dispose of this case.

The mere fact of delay is inherent in every request for a stay. The issue is whether plaintiff would be *prejudiced* by the delay. See, e.g., State Farm Mut. Auto. Ins. Co. v. Beckham-Easley, No. 01-5530, 2002 WL 31111766, at *3 (E.D. Pa. Sept. 18, 2002) (considering the threat of dissipation of assets during a stay); In re Adelphia Communications Sec. Litig., No. 02-1781, 2003 U.S. Dist. LEXIS 9736, at *11 (E.D. Pa. May 14, 2003) ("[T]he plaintiff should demonstrate a particularly unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay.").

Plaintiff does not dispute that it will suffer no harm. Section 16(b) is a penalty statute; where it applies, it creates a windfall for the issuer corporation as a penalty for short-swing insider trading. See Coran v. Snap-On Tools Corp., 408 F. Supp. 1060, 1063 (E.D. Wis. 1976) ("The benefit conferred upon a corporation in a § 16(b) action is purely 'windfall' in nature. The corporation has not suffered any damages and therefore is not being reimbursed for any loss."). Even if plaintiff's Section 16(b) claim had merit (which it does not), plaintiff would receive nothing, and a delay in the issuer corporation receiving a windfall is not prejudice. Plaintiff will suffer no prejudice whatsoever.

While a stay will not prejudice plaintiff at all, the denial of a stay would prejudice defendants and the Court. In an abundance of caution, absent a stay, defendants will be forced to raise preliminary motions and enter into discovery, all of which will be unnecessary if the SEC adopts the proposed amendments because those amendments will mandate the entry of judgment in favor of defendants. A stay will avoid this needless waste of resources by the parties and the Court and cause no countervailing harm to plaintiff. A stay will simplify the case and promote judicial economy.

Judge Sleet has already stayed another case in this District that raises precisely the same issue. See Levy, 2004 WL 2251268, at *2 (finding no prejudice to plaintiff and no tactical advantage to defendant even where a motion to stay "would delay a trial date that ha[d] already been agreed upon and set."). Plaintiff in this case makes no attempt to distinguish his situation from Levy. In fact, plaintiff's answering brief does not even mention the stay granted in Levy, despite the fact that plaintiff makes many of same arguments as the plaintiffs in Levy.

### B. Not Staying the Proceedings Will Run the Risk of Further Inconsistent Adjudications

As the Court in Levy noted, "[b]y staying the action and awaiting the decision of the SEC, in the event of adoption, a further conflict with other circuit courts that will have to apply amended SEC Rules 16b-3 and 16b-7 may be avoided." Id. at *2. At the time, the Second Circuit had already construed the scope of exemptions afforded to beneficial owners of securities pursuant to Rules 16b-3 and 16b-7 inconsistently with the Third Circuit. See Gryl, 298 F.3d at 144-46 (dismissing plaintiff's complaint pursuant to Rule 16b-3(d)(1) where securities were acquired by defendants during a corporate merger approved by board of directors). Since the Levy motion to stay was granted, a district court in another circuit, the Ninth, has joined the Second Circuit in interpreting Rule 16b-

5

3 at odds with the Third Circuit. See Dreiling v. American Express Travel Related Serv. Co., 351 F. Supp. 2d 1077, 1090 (W.D. Wash. 2004) (granting shareholder's motion to dismiss claims brought pursuant to Section 16(b) because "Rule 16b-3(d)(1) exempts TRS's acquisition of InfoSpace stock from Section 16(b) liability because TRS, an insider, acquired InfoSpace stock directly from the issuer with the approval of the issuer's board of directors."). The Court should grant Mr. Soin's motion to stay to prevent the creation of additional conflicts pending the SEC's adoption of its proposed amendments to Rule 16b-3.

### C. Uncertainty Regarding Adoption of the Proposed Amendment Should Not Influence the Decision to Grant a Stay.

While the SEC is free to adopt its proposed amendments, or not adopt them, in a form that is different from the rule first proposed, plaintiff has not provided any indication that the SEC intends do so in this case. Denial of the motion to stay is not warranted for the mere possibility of that fact. Indeed there is at least an equal likelihood that the proposed amendment will be adopted exactly as written. Recognizing the risk of prejudice to the defendant, the risk of creating conflicts with other jurisdictions and the needless waste of resources that would result if the proposed amendments are adopted, the Court ordered a stay in the Levy case when faced with the same uncertainty. See Levy, 2004 WL 2251268, at *2.

Plaintiff also asserts that a "substantial period of time" may pass before a proposed amendment is finally adopted, noting that the original adoption of Rule 16b-3(d) took over a year to adopt from the date of its initial proposal. (Pl.'s Answering Br. at 9, n.1). The Levy Court also considered this argument in granting defendants' motion to stay:

> While Levy asserts that it takes the SEC a substantial period of time from its initial proposal to ultimately adopt a rule, the SEC's proposed amendments here are clarifying, meant only to interpret the pre-existing rules and not to adopt new rules. Therefore, the amount of time from the close of the notice and comment period to the decision to adopt will likely not be nearly as substantial as the amount of time it takes the SEC to adopt a new rule.

Id. To date, over eight months have already passed since the proposed amendments were first released for comment on June 21, 2004.

### III.     The SEC's Proposed Amendments Will Be Controlling Here.

If and when the SEC's proposed amendments to Rule 16b-3 are adopted, they will remove any lingering doubt as to the SEC's intent in promulgating the rules, and they will be entitled to controlling weight. Plaintiff's arguments to the contrary have no merit.

#### A.     If They Are Adopted, the SEC's Proposed Clarifying Amendments Will Have Retroactive Effect.

Citing Bowen v. Georgetown University Hospital, 488 U.S. 204 (1988) and Jahn v. 1-800 Flowers.com, Inc., 284 F.3d 807 (7th Cir. 2002), plaintiff argues that any rulemaking by the SEC at this point cannot be applied retroactively. (Pl.'s Answering Br. at 10-11). Plaintiff fails to note that "Bowen's ban on retroactivity" does not apply to *clarifying amendments*, which "restate[] what the law according to the agency is and always has been." Clay v. Johnson, 264 F.3d 744, 749 (7th Cir. 2001) (quoting Bowen, 488 U.S. at 208); First Nat'l Bank v. Standard Bank & Trust, 172 F.3d 472, 478 (7th Cir. 1999); Orr v. Hawk, 156 F.3d 651, 654 (6th Cir. 1998). "A clarifying rule, therefore, can be applied to the case at hand just as a judicial determination construing a statute can be applied to the case at hand." Clay, 264 F.3d at 749; see also Manhattan Gen. Equip. Co. v. Commissioner, 297 U.S. 129, 135 (1936).

7

Plaintiff does not even attempt to distinguish the cases cited in Mr. Soin's Motion on this point. Instead, plaintiff mischaracterizes the proposed amendments by asserting that they are "intended not as a clarification of existing law, but to change existing law as found by [the Third Circuit in] Levy." (Pl.'s Answering Br. at 11). This statement is discernibly false. As the SEC's release explains:

> [T]the [Third Circuit's] Levy v. Sterling opinion reads Rules 16b-3 and 16b-7 to require satisfaction of conditions that are neither contained in the text of the rules nor intended by the Commission. The resulting uncertainty regarding the exemptive scope of these rules has made it difficult for issuers and insiders to plan legitimate transactions. *We seek to resolve any doubt as to the meaning and interpretation of these rules by reaffirming* the views we have expressed previously regarding their appropriate construction. The amendments to the text of the rules we propose in this release will *clarify* the regulatory conditions that apply to these exemptions, consistent with our previously expressed views.

Proposed Amendment Release, 69 Fed. Reg. at 35,982-83 (emphasis added) (footnote deleted). Courts "give great deference to the promulgating agency's expressed intent as to whether its rule changes that law or merely clarifies it." Clay, 264 F.3d at 749. In addition, this Court has already determined in Levy that the proposed amendment to Rule 16b-3 is meant to clarify existing law and would apply retrospectively to render this case moot. See Levy, 2004 WL 2251268, at *2-3.

**B.  The Third Circuit Decision Does Not Preclude This Court from Considering the SEC's Proposed Amendments.**

Plaintiff argues that the Third Circuit decision precludes this Court from considering the SEC's proposed amendments. (Pl.'s Answering Br. at 11). Plaintiff cites Neal v. United States, 516 U.S. 284 (1996) and Brand X Internet Services v. F.C.C., 345 F.3d 1120 (9th Cir. 2003), cert. granted, 160 L. Ed. 2d 655 (2004). Those cases are irrelevant because they involve an agency's interpretation of a statute at issue, not an

8

interpretation of the agency's *own regulation*.  See Neal, 516 U.S. at 294-95 (reviewing interpretation of 21 U.S.C. § 841); Brand X, 345 F.3d at 1132 (reviewing interpretation of Telecommunications Act).

This Court has already determined that the Third Circuit opinion will not prevent the Court from considering the proposed amendments.  See Levy, 2004 WL 2251268, at *2-3 (explaining that "the proposed amendments to Rule 16b-3 will not limit the exemption to transactions that have some compensation-related aspect" and thus the proposed amendments "could materially affect the issues in this case").  The doctrine of stare decisis here works against plaintiff's arguments and lends additional support for the Court to grant the stay.

### C. The SEC Would Not Exceed Its Authority if it Adopted the Proposed Clarifying Amendments.

Plaintiff contends that the SEC's proposed clarifying amendments, if adopted, would exceed the SEC's statutory authority.  This is an absurd statement.  The SEC has the congressionally-delegated power to promulgate exemptive rules.  The power to promulgate exemptive rules necessarily includes the power to issue clarifying amendments to those rules after notice and comment.

The purpose of Section 16(b) is to discourage insiders from using inside information to engage in short-swing trading at the expense of uninformed members of the investing public.  As the SEC explained when it adopted the current version of Rule 16b-3(d), that concern is not present when the transaction at issue is between an issuer and an insider, because the investing public is not involved.  See Exchange Act Release No. 34-37260, 61 Fed. Reg. 30,376, 30,377 (June 14, 1996) ("transactions between the issuer and its officers and directors that are pursuant to plans meeting the administrative requirements . . . or that satisfy other objective gate-keeping conditions [including

9

approval by the issuer's board or shareholders], are not vehicles for the speculative abuse that Section 16(b) was designed to prevent."). The SEC has reiterated this point on several occasions, first in its recent proposal to clarify Rule 16b-3(d) (see Proposed Amendment Release, 69 Fed. Reg. 35,982) , and before that, in the amicus brief it filed in the Levy case (see SEC's Mem., Amicus Curiae Supp. Appellees' Petition Reh'g Or Reh'g En Banc at 6).

      Moreover, this is clearly not an appropriate time or forum to be debating the validity of the proposed amendments. The Court obviously cannot render an advisory opinion on the validity of a yet-to-be adopted SEC rule, but that is essentially what the plaintiff is asking the Court to do. The proposed amendments are entitled to a presumption of validity because the SEC has extensively explained the rationale and authority for them in the Federal Register. See Proposed Amendment Release, 69 Fed. Reg. at 35,982. It is also not appropriate to attempt to decide the issue now on the limited record in this case. If and when the rule is adopted, there will be ample opportunity for plaintiffs to raise their arguments regarding validity in this and other cases.

## CONCLUSION

For the foregoing reasons, defendant Rajesh Soin respectfully requests that the Court grant this motion to stay pending final action on the SEC's proposed amendments to Rule 16b-3.

                    POTTER, ANDERSON & CORROON LLP

                    */s/ Richard L. Horwitz*
                    Richard L. Horwitz (#2246)
                    Hercules Plaza
                    1313 North Market Street
                    Wilmington, Delaware 19801
                    Tel: (302) 984-6027
                    Fax: (302) 658-1192
                    Attorney for Defendant Rajesh K. Soin

Of Counsel:

Geoffrey J. Ritts
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Tel: (216) 586-3939
Fax: (216) 579-0212

Dated: March 4, 2005
672612v1

11

## CERTIFICATE OF SERVICE

I hereby certify that I am a member of the Bar of this Court and that on this 4th day of March 2005, I caused the foregoing Reply Brief in Support of Defendants' Motion to Stay to be served on each of the following attorneys for plaintiff:

<u>Via Electronic Filing</u>
Theodore J. Tacconelli
FERRY, JOSEPH & PEARCE, P.A.
824 Market Street
Suite 904
P.O. Box 1351
Wilmington, Delaware 19899

<u>Via First-Class U.S. Mail Postage Prepaid</u>
Paul D. Wexler
BRAGAR WEXLER EAGEL & MORGENSTERN, P.C.
885 Third Avenue
New York, New York 10022

and

Glenn F. Ostrager
OSTRAGER CHONG FLAHERTY & BROITMAN P.C.
250 Park Avenue
New York, New York 10177-0899

and on each of the following attorneys for nominal defendant MTC Technologies:

<u>Via Hand Delivery</u>

Robert Stearn, Jr.
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

_____
Richard L. Horwitz (DSB ID No. 2246)
Potter Anderson & Corroon LLP
1313 N. Market Street
Post Office Box 951
Wilmington, Delaware  19899-0951
Tel:  (302) 984-6000
E-mail:  rhorwitz@potteranderson.com
Attorney for Defendant Rajesh K. Soin