# EXHIBIT D CONTINUED

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

insiders, the majority of whom may fall within the definition of "small business" under
the Exchange Act. To the extent that these persons are affected, it is expected that the
proposals will reduce their compliance burdens associated with Section 16.

It is expected that the amendments adopted today will result in a material decrease in
reporting and compliance requirements since they will streamline the requirements
applicable to employee benefit plans. Although exercises and conversions of derivative
securities will be reported earlier than previously required, and certain types of
cash-only instruments will become reportable, many other transactions no longer will be
reported at all, and the overall reporting scheme will be simplified as a result.

*27 The amendments adopted today will benefit corporate insiders by simplifying the
Section 16 rules and eliminating unnecessary requirements. Separate requirements for small
issuers are inappropriate because most of the corporate insiders subject to the Section 16
rules are individuals who meet the small business definition. The use of performance
rather than design standards for small issuers is inconsistent with the Commission's
mandate of investor protection. Other proposals to further reduce the compliance
requirements were considered but rejected on grounds that they would be inconsistent with
the Section 16 statutory objectives.

X. STATUTORY BASIS
The amendments to Regulation S-B, Regulation S-K, and the Section 16 rules and forms
are adopted by the Commission pursuant to Exchange Act Sections 3(a)(11), [FN171]
3(a)(12), [FN172] 3(b), [FN173] 9(b), [FN174] 10(a), [FN175] 12(h), [FN176] 13(a), [FN177]
14, [FN178] 16, and 23(a). As the Section 16 rules and forms relate to the Investment
Company Act and the Public Utility Holding Company Act, they also are adopted pursuant to
Investment Company Act Sections 30 [FN179] and 38, [FN180] and Public Utility Holding
Company Act Sections 17 [FN181] and 20, [FN182] respectively.

List of Subjects in 17 CFR 228, 229, 240, and 249

Reporting, recordkeeping requirements, and Securities.

TEXT OF THE AMENDMENTS

In accordance with the foregoing, Title 17, Chapter II of the Code of Federal
Regulations is amended as follows:

PART 228 - INTEGRATED DISCLOSURE SYSTEM FOR SMALL BUSINESS ISSUERS
1. The authority citation for part 228 continues to read as follows:
Authority: 15 U.S.C. 77e, 77f, 77g, 77h, 77j, 77k, 77s, 77aa(25), 77aa(26), 77ddd, 77eee,
77ggg, 77hhh, 77jjj, 77nnn, 77sss, 78l, 78m, 78n, 78o, 78w, 78ll, 80a-8, 80a-29, 80a-30,
80a-37, 80b-11, unless otherwise noted.
2. By amending §228.405 by revising the reference to "Rule 16a-3(d)" in paragraph (a)
to read "Rule 16a-3(e)" and by revising paragraphs (a)(1) and (a)(2) before the Note to
read as follows:

§228.405 (Item 405) Compliance with section 16(a) of the Exchange Act.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**


                               * * * * *


   (a) * * *
   (1) Under the caption "Section 16(a) Beneficial Ownership Reporting Compliance," identify
each person who, at any time during the fiscal year, was a director, officer, beneficial
owner of more than ten percent of any class of equity securities of the registrant
registered pursuant to section 12 ("reporting person") that failed to file on a timely
basis, as disclosed in the above Forms, reports required by section 16(a) of the Exchange
Act during the most recent fiscal year or prior fiscal years.
   (2) For each such person, set forth the number of late reports, the number of
transactions that were not reported on a timely basis, and any known failure to file a
required Form. A known failure to file would include, but not be limited to, a failure to
file a Form 3, which is required of all reporting persons, and a failure to file a Form 5
in the absence of the written representation referred to in paragraph (b)(2)(i) of this
section, unless the registrant otherwise knows that no Form 5 is required.


                               * * * * *


   **\*28** PART 229 - STANDARD INSTRUCTIONS FOR FILING FORMS UNDER SECURITIES ACT OF 1933,
SECURITIES EXCHANGE ACT OF 1934 AND ENERGY POLICY AND CONSERVATION ACT OF 1975 -
REGULATION S-K
   3. The authority citation for part 229 continues to read in part as follows:
   Authority: <u>15 U.S.C. 77e</u>, <u>77f</u>, <u>77g</u>, <u>77h</u>, <u>77j</u>, <u>77k</u>, <u>77s</u>, <u>77aa(25)</u>, <u>77aa(26)</u>, <u>77ddd</u>, <u>77eee</u>,
<u>77ggg</u>, <u>77hhh</u>, <u>77iii</u>, <u>77jjj</u>, <u>77nnn</u>, <u>77sss</u>, <u>78c</u>, <u>78i</u>, <u>78j</u>, 78l, <u>78m</u>, <u>78n</u>, <u>78o</u>, <u>78w</u>, 78ll(d),
<u>79e</u>, <u>79n</u>, <u>79t</u>, <u>80a-8</u>, <u>80a-29</u>, <u>80a-30</u>, <u>80a-37</u>, <u>80b-11</u>, unless otherwise noted.


                               * * * * *


   4. By amending §229.405 by revising paragraphs (a)(1) and (a)(2) before the Note to
read as follows:

   §229.405 (Item 405) Compliance with section 16(a) of the Exchange Act.


                               * * * * *


   (a) * * *
   (1) Under the caption "Section 16(a) Beneficial Ownership Reporting Compliance," identify
each person who, at any time during the fiscal year, was a director, officer, beneficial
owner of more than ten percent of any class of equity securities of the registrant
registered pursuant to section 12 of the Exchange Act, or any other person subject to
section 16 of the Exchange Act with respect to the registrant because of the requirements
of section 30 of the Investment Company Act or section 17 of the Public Utility Holding
Company Act ("reporting person") that failed to file on a timely basis, as disclosed in
the above Forms, reports required by section 16(a) of the Exchange Act during the most
recent fiscal year or prior fiscal years.


                        © 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

   (2) For each such person, set forth the number of late reports, the number of
transactions that were not reported on a timely basis, and any known failure to file a
required Form. A known failure to file would include, but not be limited to, a failure to
file a Form 3, which is required of all reporting persons, and a failure to file a Form 5
in the absence of the written representation referred to in paragraph (b)(2)(i) of this
section, unless the registrant otherwise knows that no Form 5 is required.

                              * * * * *

   PART 240 - GENERAL RULES AND REGULATIONS, SECURITIES EXCHANGE ACT OF 1934
   5. The authority citation for part 240 continues to read in part as follows:
   Authority: 15 U.S.C. 77c, 77d, 77g, 77j, 77s, 77eee, 77ggg, 77nnn, 77sss, 77ttt, 78c,
78d, 78i, 78j, 78l, 78m, 78n, 78o, 78p, 78q, 78s, 78w, 78x, 78ll(d), 79q, 79t, 80a-20,
80a-23, 80a-29, 80a-37, 80b-3, 80b-4, and 80b-11, unless otherwise noted.

                              * * * * *

   6. By amending §240.16a-1 by revising paragraphs (a)(3) and (c)(3), removing the word
"or" at the end of paragraph (c)(5), replacing the period at the end of paragraph (c)(6)
with a semi-colon followed by the word "or", and adding paragraph (c)(7) to read as
follows:

   §240.16a-1 Definition of Terms.

                              * * * * *

   (a) * * *
   (3) Where more than one person subject to section 16 of the Act is deemed to be a
beneficial owner of the same equity securities, all such persons must report as beneficial
owners of the securities, either separately or jointly, as provided in §240.16a-3(j). In
such cases, the amount of short-swing profit recoverable shall not be increased above the
amount recoverable if there were only one beneficial owner.

                              * * * * *

   **\*29** (c) * * *
   (3) Rights or obligations to surrender a security, or have a security withheld, upon the
receipt or exercise of a derivative security or the receipt or vesting of equity
securities, in order to satisfy the exercise price or the tax withholding consequences of
receipt, exercise or vesting;

                              * * * * *

   (7) Options granted to an underwriter in a registered public offering for the purpose of
satisfying over-allotments in such offering.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No. 35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C. Release No.)

**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

\* \* \* \* \*

7. By amending §240.16a-2 by revising paragraphs (b) and (d)(2) to read as follows:

§240.16a-2 Persons and transactions subject to section 16.

\* \* \* \* \*

(b) A transaction(s) following the cessation of director or officer status shall be subject to section 16 of the Act only if:

(1) Executed within a period of less than six months of an opposite transaction subject to section 16(b) of the Act that occurred while that person was a director or officer; and

(2) Not otherwise exempted from section 16(b) of the Act pursuant to the provisions of this chapter.

Note to Paragraph (b): For purposes of this paragraph, an acquisition and a disposition each shall be an opposite transaction with respect to the other.

\* \* \* \* \*

(d)(1) \* \* \*

(2) Transactions by such person or entity acting in a capacity specified in paragraph (d)(1) of this section after the period specified in that paragraph shall be subject to section 16 of the Act only where the estate, trust or other entity is a beneficial owner of more than ten percent of any class of equity security registered pursuant to section 12 of the Act.

8. By amending §240.16a-3 by revising paragraph (f)(1)(i), redesignating paragraphs (f)(1)(ii) and (f)(1)(iii) as (f)(1)(iii) and (f)(1)(iv), adding paragraph (f)(1)(ii), revising paragraph (g), and adding paragraph (j) to read as follows:

§240.16a-3 Reporting transactions and holdings.

\* \* \* \* \*

(f)(1) \* \* \*

(i) All transactions during the most recent fiscal year that were exempt from section 16(b) of the Act, except:

(A) Exercises and conversions of derivative securities exempt under either §240.16b-3 or §240.16b-6(b) (these are required to be reported on Form 4);

(B) Transactions exempt from section 16(b) of the Act pursuant to § 240.16b-3(c), which shall be exempt from section 16(a) of the Act; and

(C) Transactions exempt from section 16(a) of the Act pursuant to another rule;

(ii) Transactions that constituted small acquisitions pursuant to § 240.16a-6(a);

\* \* \* \* \*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

(g)(1) A Form 4 shall be filed to report all transactions not exempt from section
16(b) of the Act and all exercises and conversions of derivative securities, regardless of
whether exempt from section 16(b) of the Act.

(2) At the option of the reporting person, transactions that are reportable on Form 5 may
be reported on Form 4, provided that the Form 4 is filed no later than the due date of the
Form 5 with respect to the fiscal year in which the transaction occurred.

* * * * *

**\*30** (j) Where more than one person subject to section 16 of the Act is deemed to be a
beneficial owner of the same equity securities, all such persons must report as beneficial
owners of the securities, either separately or jointly. Where persons in a group are
deemed to be beneficial owners of equity securities pursuant to §240.16a-1(a)(1) due to
the aggregation of holdings, a single Form 3, 4 or 5 may be filed on behalf of all persons
in the group. Joint and group filings must include all required information for each
beneficial owner, and such filings must be signed by each beneficial owner, or on behalf
of such owner by an authorized person.

9. By amending §240.16a-4 by revising paragraphs (b), (c) and (d) and the Note to read
as follows:

§240.16a-4 Derivative securities.

* * * * *

(b) The exercise or conversion of a call equivalent position shall be reported on Form
4 and treated for reporting purposes as: (1) A purchase of the underlying security; and
(2) A closing of the derivative security position.

(c) The exercise or conversion of a put equivalent position shall be reported on Form
4 and treated for reporting purposes as: (1) A sale of the underlying security; and (2) A
closing of the derivative security position.

(d) The disposition or closing of a long derivative security position, as a result of
cancellation or expiration, shall be exempt from section 16(a) of the Act if exempt from
section 16(b) of the Act pursuant to §240.16b-6(d).

Note to §240.16a-4: A purchase or sale resulting from an exercise or conversion of a
derivative security may be exempt from section 16(b) of the Act pursuant to §240.16b-3 or
§240.16b-6(b).

10. By amending §240.16a-6 by revising paragraph (a) and removing paragraph (c) to
read as follows:

§240.16a-6 Small acquisitions.

(a) Any acquisition of an equity security not exceeding $10,000 in market value, or of
the right to acquire such securities, shall be reported on Form 5, subject to the
following conditions:

(1) Such acquisition, when aggregated with other acquisitions of securities of the same
class (including securities underlying derivative securities, but excluding acquisitions

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

exempted by rule from section 16(b) or previously reported on Form 4 or Form 5) within the
prior six months, does not exceed a total of $10,000 in market value; and
  (2) The person making the acquisition does not within six months thereafter make any
disposition, other than by a transaction exempt from section 16(b) of the Act.

* * * * *

  11. By amending §240.16a-8 by revising paragraph (a)(1) and adding a note at the end
of paragraph (b)(3) to read as follows:

  §240.16a-8 Trusts.
  (a) Persons subject to section 16. (1) Trusts. A trust shall be subject to section 16
of the Act with respect to securities of the issuer if the trust is a beneficial owner,
pursuant to §240.16a-1(a)(1), of more than ten percent of any class of equity securities
of the issuer registered pursuant to section 12 of the Act ("ten percent beneficial
owner").

* * * * *

  **\*31** (b) Trust holdings and transactions.

* * * * *

  (3) Beneficiaries. * * *
  Note to Paragraph (b)(3): Transactions and holdings attributed to a trust beneficiary may
be reported by the trustee on behalf of the beneficiary, provided that the report is
signed by the beneficiary or other authorized person. Where the transactions and holdings
are attributed both to the trustee and trust beneficiary, a joint report may be filed in
accordance with §240.16a-3(j).

* * * * *

  12. By amending §240.16a-9 by revising paragraph (a) to read as follows:

  §240.16a-9 Stock splits, stock dividends, and pro rata rights.

* * * * *

  (a) The increase or decrease in the number of securities held as a result of a stock
split or stock dividend applying equally to all securities of a class, including a stock
dividend in which equity securities of a different issuer are distributed; and

* * * * *

  13. By adding §240.16a-11 to read as follows:

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

§240.16a-11 Dividend or interest reinvestment plans.
   Any acquisition of securities resulting from the reinvestment of dividends or interest
on securities of the same issuer shall be exempt from section 16 of the Act if the
acquisition is made pursuant to a plan providing for the regular reinvestment of dividends
or interest and the plan provides for broad-based participation, does not discriminate in
favor of employees of the issuer, and operates on substantially the same terms for all
plan participants.
   14. By adding §240.16a-12 to read as follows:

§240.16a-12 Domestic relations orders.
   The acquisition or disposition of equity securities pursuant to a domestic relations
order, as defined in the Internal Revenue Code or Title 1 of the Employee Retirement
Income Security Act, or the rules thereunder, shall be exempt from section 16 of the Act.
   15. By adding §240.16a-13 to read as follows:

§240.16a-13 Change in form of beneficial ownership.
   A transaction, other than the exercise or conversion of a derivative security or
deposit into or withdrawal from a voting trust, that effects only a change in the form of
beneficial ownership without changing a person's pecuniary interest in the subject equity
securities shall be exempt from section 16 of the Act.
   16. By removing and reserving §240.16b-2.
   17. By revising §240.16b-3 to read as follows:

§240.16b-3 Transactions between an issuer and its officers or directors.
   (a) General. A transaction between the issuer (including an employee benefit plan
sponsored by the issuer) and an officer or director of the issuer that involves issuer
equity securities shall be exempt from section 16(b) of the Act if the transaction
satisfies the applicable conditions set forth in this section.
   (b) Definitions.
   (1) A Discretionary Transaction shall mean a transaction pursuant to an employee benefit
plan that:
   (i) Is at the volition of a plan participant;
   **\*32** (ii) Is not made in connection with the participant's death, disability, retirement
or termination of employment;
   (iii) Is not required to be made available to a plan participant pursuant to a provision
of the Internal Revenue Code; and
   (iv) Results in either an intra-plan transfer involving an issuer equity securities fund,
or a cash distribution funded by a volitional disposition of an issuer equity security.
   (2) An Excess Benefit Plan shall mean an employee benefit plan that is operated in
conjunction with a Qualified Plan, and provides only the benefits or contributions that
would be provided under a Qualified Plan but for any benefit or contribution limitations
set forth in the Internal Revenue Code of 1986, or any successor provisions thereof.
   (3) (i) A Non-Employee Director shall mean a director who:
   (A) Is not currently an officer (as defined in §240.16a-1(f)) of the issuer or a parent
or subsidiary of the issuer, or otherwise currently employed by the issuer or a parent or

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

subsidiary of the issuer;

(B) Does not receive compensation, either directly or indirectly, from the issuer or a parent or subsidiary of the issuer, for services rendered as a consultant or in any capacity other than as a director, except for an amount that does not exceed the dollar amount for which disclosure would be required pursuant to §229.404(a) of this chapter;

(C) Does not possess an interest in any other transaction for which disclosure would be required pursuant to §229.404(a) of this chapter; and

(D) Is not engaged in a business relationship for which disclosure would be required pursuant to §229.404(b) of this chapter.

(ii) Notwithstanding paragraph (b)(3)(i) of this section, a Non-Employee Director of a closed-end investment company shall mean a director who is not an "interested person" of the issuer, as that term is defined in Section 2(a)(19) of the Investment Company Act of 1940.

(4) A Qualified Plan shall mean an employee benefit plan that satisfies the coverage and participation requirements of <u>sections 410</u> and <u>401(a)(26) of the Internal Revenue Code of 1986</u>, or any successor provisions thereof.

(5) A Stock Purchase Plan shall mean an employee benefit plan that satisfies the coverage and participation requirements of sections 423(b)(3) and 423(b)(5), or <u>section 410, of the Internal Revenue Code of 1986</u>, or any successor provisions thereof.

(c) Tax-conditioned plans. Any transaction (other than a Discretionary Transaction) pursuant to a Qualified Plan, an Excess Benefit Plan, or a Stock Purchase Plan shall be exempt without condition.

(d) Grants, awards and other acquisitions from the issuer. Any transaction involving a grant, award or other acquisition from the issuer (other than a Discretionary Transaction) shall be exempt if:

(1) The transaction is approved by the board of directors of the issuer, or a committee of the board of directors that is composed solely of two or more Non-Employee Directors;

*33 (2) The transaction is approved or ratified, in compliance with section 14 of the Act, by either; the affirmative votes of the holders of a majority of the securities of the issuer present, or represented, and entitled to vote at a meeting duly held in accordance with the applicable laws of the state or other jurisdiction in which the issuer is incorporated; or the written consent of the holders of a majority of the securities of the issuer entitled to vote; provided that such ratification occurs no later than the date of the next annual meeting of shareholders; or

(3) The issuer equity securities so acquired are held by the officer or director for a period of six months following the date of such acquisition, provided that this condition shall be satisfied with respect to a derivative security if at least six months elapse from the date of acquisition of the derivative security to the date of disposition of the derivative security (other than upon exercise or conversion) or its underlying equity security.

(e) Dispositions to the issuer. Any transaction involving the disposition to the issuer of issuer equity securities (other than a Discretionary Transaction) shall be exempt, provided that the terms of such disposition are approved in advance in the manner prescribed by either paragraph (d)(1) or paragraph (d)(2) of this section.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

     (f) Discretionary Transactions. A Discretionary Transaction shall be exempt only if
effected pursuant to an election made at least six months following the date of the most
recent election, with respect to any plan of the issuer, that effected a Discretionary
Transaction that was:
 (i) An acquisition, if the transaction to be exempted would be a disposition; or
 (ii) A disposition, if the transaction to be exempted would be an acquisition.
 Notes to §240.16b-3:
 Note (1): The exercise or conversion of a derivative security that does not satisfy the
conditions of this section is eligible for exemption from section 16(b) of the Act to the
extent that the conditions of §240.16b-6(b) are satisfied.
 Note (2): Section 16(a) reporting requirements applicable to transactions exempt pursuant
to this section are set forth in §240.16a-3(f) and (g) and §240.16a-4.
 Note (3): The approval conditions of paragraphs (d)(1), (d)(2) and (e) of this section
require the approval of each specific transaction, and are not satisfied by approval of a
plan in its entirety except for the approval of a plan pursuant to which the terms and
conditions of each transaction are fixed in advance, such as a formula plan. Where the
terms of a subsequent transaction (such as the exercise price of an option, or the
provision of an exercise or tax withholding right) are provided for in a transaction as
initially approved pursuant to paragraphs (d)(1), (d)(2) or (e), such subsequent
transaction shall not require further specific approval.
     18. By amending §240.16b-6 by adding a note following paragraph (b) to read as
follows:

 **\*34** §240.16b-6 Derivative securities.

                              * * * * *


     Note to Paragraph (b): The exercise or conversion of a derivative security that does
not satisfy the conditions of this section is eligible for exemption from section 16(b) of
the Act to the extent that the conditions of §240.16b-3 are satisfied.

                              * * * * *


 PART 249 - FORMS, SECURITIES EXCHANGE ACT OF 1934
     19. The authority citation for Part 249 continues to read in part as follows:
 Authority: 15 U.S.C. 78a, et seq., unless otherwise noted;

                              * * * * *


     20. By amending Form 3 (referenced in §249.103) and the General Instructions thereto
by adding a sentence at the end of paragraph (a) to General Instruction 3 after the note,
adding paragraph (b)(v) to General Instruction 5, by revising General Instruction 6, and
by revising Item 1 and adding Item 7 to the information preceding Table 1 to read as
follows:
 Note - The text of Form 3 does not and this amendment will not appear in the Code of


© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**


Federal Regulations.

 Form 3 Initial Statement of Beneficial Ownership of Securities

                         * * * * *


   General Instructions

                       * * * * *


   3. Where Form Must be Filed
 (a) * * * Alternatively, this Form is permitted to be submitted to the Commission in
electronic format at the option of the reporting person pursuant to §232.101(b)(4) of this
chapter.

                       * * * * *


   5. Holdings Required to be Reported

                       * * * * *


 (b) Beneficial Ownership Reported (Pecuniary Interest)

                       * * * * *


   (v) Where more than one person beneficially owns the same equity securities, such owners
may file Form 3 individually or jointly. Joint and group filings may be made by any
designated beneficial owner. Holdings of securities owned separately by any joint or group
filer are permitted to be included in the joint filing. Indicate only the name and address
of the designated filer in Item 1 of Form 3 and attach a listing of the names and IRS or
social security numbers (or addresses in lieu thereof) of each other reporting person.
Joint and group filings must include all required information for each beneficial owner,
and such filings must be signed by each beneficial owner, or on behalf of such owner by an
authorized person. If the space provided for signatures is insufficient, attach a
signature page. Submit any attached listing of names or signatures on another Form 3, copy
of Form 3 or separate page of 8 1/2 by 11 inch white paper, indicate the number of pages
comprising the report (Form plus attachments) at the bottom of each report page (e.g., 1
of 3, 2 of 3, 3 of 3), and include the name of the designated filer and information
required by Items 2 and 4 of the Form on the attachment.

                       * * * * *


   6. Additional Information
 If the space provided in the line items of this Form or space provided for additional
comments is insufficient, attach another Form 3, copy of Form 3 or a separate page of 8
1/2 by 11 inch white paper to Form 3, completed as appropriate to include the additional


© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

comments. Each attached page must include information required in Items 1, 2 and 4 of the
Form. The number of pages comprising the report (Form plus attachments) shall be indicated
at the bottom of each report page (e.g., 1 of 3, 2 of 3, 3 of 3). If additional
information is not provided in this manner, it will be assumed that no additional
information was provided.

* * * * *

1. Name and Address of Reporting
   Person [FNa1]
(Last)                                (First)                    (Middle)
                                                    (Street)
(City)                                (State)                    (Zip)
FNa1. If the Form is filed by more than one Reporting Person, see Instruction
  5(b)(v).

* * * * *

   **\*35** 7. Individual or Joint/Group Filing
 (Check applicable line)
 _____ Form filed by One Reporting Person
 _____ Form Filed by More than One Reporting Person

* * * * *

   21. By amending Form 4 (referenced in §249.104) and the General Instructions thereto
by adding a sentence at the end of paragraph (a) of General Instruction 2 after the note;
by revising paragraph (a)(i) of General Instruction 4; by revising the Note following
General Instruction 4(a)(ii) and adding paragraph (b)(v) to General Instruction 4; by
revising General Instruction 6; in General Instruction 8 by adding a sentence at the end
of the paragraph appearing under the "Transaction Codes" caption and revising the
Transaction Codes; and by revising Item 1 and adding Item 7 to the information preceding
Table I to read as follows:
 Note - The text of Form 4 does not and this amendment will not appear in the Code of
Federal Regulations.

   Form 4 Statement of Changes in Beneficial Ownership of Securities

* * * * *

   General Instructions

* * * * *

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**


   2. Where Form Must be Filed
   (a) * * * Alternatively, this Form is permitted to be submitted to the Commission in
electronic format at the option of the reporting person pursuant to §232.101(b)(4) of this
chapter.

                              * * * * *

   4. Transactions and Holdings Required to be Reported

                              * * * * *

   (a) General Requirements
   (i) Report, in accordance with Rule 16a-3(g), all transactions not exempt from section
16(b) of the Act and all exercises and conversions of derivative securities, regardless of
whether exempt from section 16(b) of the Act, resulting in a change of beneficial
ownership in the issuer's securities. Every transaction shall be reported even though
acquisitions and dispositions during the month are equal. Report total beneficial
ownership as of the end of the month for each class of securities in which a transaction
was reported.
   Note. * * *
   (ii) * * *
   Note: Transactions reportable on Form 5 may, at the option of the reporting person, be
reported on a Form 4 filed before the due date of the Form 5. (See Instruction 8 for the
code for voluntarily reported transactions.)
   (b) Beneficial Ownership Reported (Pecuniary Interest)

                              * * * * *

   (v) Where more than one beneficial owner of the same equity securities must report
transactions on Form 4, such owners may file Form 4 individually or jointly. Joint and
group filings may be made by any designated beneficial owner. Transactions with respect to
securities owned separately by any joint or group filer are permitted to be included in
the joint filing. Indicate only the name and address of the designated filer in Item 1 of
Form 4 and attach a listing of the names and IRS or social security numbers (or addresses
in lieu thereof) of each other reporting person. Joint and group filings must include all
required information for each beneficial owner, and such filings must be signed by each
beneficial owner, or on behalf of such owner by an authorized person. If the space
provided for signatures is insufficient, attach a signature page. Submit any attached
listing of names or signatures on another Form 4, copy of Form 4 or separate page of 8 1/2
by 11 inch white paper, indicate the number of pages comprising the report (Form plus
attachments) at the bottom of each report page (e.g., 1 of 3, 2 of 3, 3 of 3), and include
the name of the designated filer and information required by Items 2 and 4 of the Form on
the attachment.


© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**


* * * * *


**\*36** 6. Additional Information
 If the space provided in the line items of this Form or space provided for additional
comments is insufficient, attach another Form 4, copy of Form 4 or a separate page of 8
1/2 by 11 inch white paper to Form 4, completed as appropriate to include the additional
comments. Each attached page must include information required in Items 1, 2 and 4 of the
Form. The number of pages comprising the report (Form plus attachments) shall be indicated
at the bottom of each report page (e.g., 1 of 3, 2 of 3, 3 of 3). If additional
information is not provided in this manner, it will be assumed that no additional
information was provided.


* * * * *


 8. Transaction Codes
 * * * If a transaction involves an equity swap or instrument with similar
characteristics, use transaction Code "K" in addition to the code(s) that most
appropriately describes the transaction, e.g., "S/K" or "P/K."

 General Transaction Codes
  P - Open market or private purchase of non-derivative or derivative security
  S - Open market or private sale of non-derivative or derivative security
  V - Transaction voluntarily reported earlier than required

 Rule 16b-3 Transaction Codes
  A - Grant, award or other acquisition pursuant to Rule 16b-3(d)
  D - Disposition to the issuer of issuer equity securities pursuant to Rule 16b-3(e)
  F - Payment of exercise price or tax liability by delivering or withholding securities
incident to the receipt, exercise, or vesting of a security issued in accordance with Rule
16b-3
  I - Discretionary transaction in accordance with Rule 16b-3(f) resulting in
acquisition or disposition of issuer securities
  M - Exercise or conversion of derivative security exempted pursuant to Rule 16b-3

 Derivative Securities Codes (Except for transactions exempted pursuant to Rule 16b-3)
  C - Conversion of derivative security
  E - Expiration of short derivative position
  H - Expiration (or cancellation) of long derivative position with value received
  O - Exercise of out-of-the-money derivative security
  X - Exercise of in-the-money or at-the-money derivative security

 Other Section 16(b) Exempt Transaction and Small Acquisition Codes (except for Rule
16b-3 codes above)
  G - Bona fide gift
  L - Small acquisition under Rule 16a-6


© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

    W - Acquisition or disposition by will or the laws of descent and distribution
    Z - Deposit into or withdrawal from voting trust

  Other Transaction Codes
    J - Other acquisition or disposition (describe transaction)
    K - Transaction in equity swap or instrument with similar characteristics
    U - Disposition pursuant to a tender of shares in a change of control transaction

                \* \* \* \* \*

1. Name and Address of Reporting
  Person [FNa1]
(Last)                          (First)             (Middle)
                                       (Street)
(City)                        (State)             (Zip)
FNa1. If the Form is filed by more than one Reporting Person, see Instruction
  4(b)(v).

                 \* \* \* \* \*

    **\*37** 7. Individual or Joint/Group Filing
  (Check applicable line)
  _____ Form filed by One Reporting Person
  _____ Form Filed by More than One Reporting Person

                 \* \* \* \* \*

    22. By amending Form 5 (referenced in §249.105) and the General Instructions thereto
by adding a sentence at the end of paragraph (a) of General Instruction 2 after the note;
by revising General Instruction 4(a)(i)(A); by removing General Instruction 4(a)(ii); by
redesignating paragraphs (a)(iii) and (a)(iv) of General Instruction 4 as paragraphs
(a)(ii) and (a)(iii); by revising newly designated paragraph 4(a)(iii) and adding
paragraph (b)(v) to General Instruction 4; by revising General Instruction 6; in General
Instruction 8 by adding a sentence at the end of the paragraph appearing under the
"Transaction Codes" caption and revising the Transaction Codes; by revising the last
paragraph in the General Instructions, following the Transaction Codes, and caption
thereto; and by revising Item 1 and adding Item 7 to the information preceding Table I to
read as follows:
 Note - The text of Form 5 does not and this amendment will not appear in the Code of
Federal Regulations.

 Form 5 Annual Statement of Beneficial Ownership of Securities

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

\* \* \* \* \*

General Instructions

\* \* \* \* \*

2. Where Form Must be Filed
(a) \* \* \* Alternatively, this Form is permitted to be submitted to the Commission in
electronic format at the option of the reporting person pursuant to §232.101(b)(4) of this
chapter.

\* \* \* \* \*

4. Transactions and Holdings Required to be Reported
(a) General Requirements

\* \* \* \* \*

(i) \* \* \*
(A) any transaction during the issuer's most recent fiscal year that was exempt from
section 16(b) of the Act, except: (1) any exercise or conversion of derivative securities
exempt under either §240.16b-3 or § 240.16b-6(b) (these are required to be reported on
Form 4); (2) any transaction exempt from section 16(b) of the Act pursuant to Rule
16b-3(c) of this section, which is exempt from section 16(a) of the Act; and (3) any
transaction exempt from section 16 of the Act pursuant to another section 16(a) rule;

\* \* \* \* \*

(iii) Every transaction shall be reported even though acquisitions and dispositions with
respect to a class of securities are equal. Report total beneficial ownership as of the
end of the issuer's fiscal year for all classes of securities in which a transaction was
reported.
(b) Beneficial Ownership Reported (Pecuniary Interest)

\* \* \* \* \*

(v) Where more than one beneficial owner of the same equity securities must report on
Form 5, such owners may file Form 5 individually or jointly. Joint and group filings may
be made by any designated beneficial owner. Transactions and holdings with respect to
securities owned separately by any joint or group filer are permitted to be included in
the joint filing. Indicate only the name and address of the designated filer in Item 1 of
Form 5 and attach a listing of the names and IRS or social security numbers (or addresses
in lieu thereof) of each other reporting person. Joint and group filings must include all
required information for each beneficial owner, and such filings must be signed by each
beneficial owner, or on behalf of such owner by an authorized person. If the space

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

provided for signatures is insufficient, attach a signature page. Submit any attached
listing of names or signatures on another Form 5, copy of Form 5 or separate page of 8 1/2
by 11 inch white paper, indicate the number of pages comprising the report (Form plus
attachments) at the bottom of each report page (e.g., 1 of 3, 2 of 3, 3 of 3), and include
the name of the designated filer and information required by Items 2 and 4 of the Form on
the attachment.

* * * * *

**\*38** 6. Additional Information
 If the space provided in the line items of this Form or space provided for additional
comments is insufficient, attach another Form 5, copy of Form 5 or a separate page of 8
1/2 by 11 inch white paper to Form 5, completed as appropriate to include the additional
comments. Each attached page must include information required in Items 1, 2 and 4 of the
Form. The number of pages comprising the report (Form plus attachments) shall be indicated
at the bottom of each report page (e.g., 1 of 3, 2 of 3, 3 of 3). If additional
information is not provided in this manner, it will be assumed that no additional
information was provided.

* * * * *

 8. Transaction Codes
 * * * If a transaction involves an equity swap or instrument with similar
characteristics, use transaction Code "K" in addition to the code(s) that most
appropriately describes the transaction, e.g., "S/K" or "P/K."

 General Transaction Codes
   P - Open market or private purchase of non-derivative or derivative security
   S - Open market or private sale of non-derivative or derivative security

 Rule 16b-3 Transaction Codes
   A - Grant, award or other acquisition pursuant to Rule 16b-3(d)
   D - Disposition to the issuer of issuer equity securities pursuant to Rule 16b-3(e)
   F - Payment of exercise price or tax liability by delivering or withholding securities
incident to the receipt, exercise or vesting of a security issued in accordance with Rule
16b-3
   I - Discretionary transaction in accordance with Rule 16b-3(f) resulting in
acquisition or disposition of issuer securities
   M - Exercise or conversion of derivative security exempted pursuant to Rule 16b-3

 Derivative Securities Codes (Except for transactions exempted pursuant to Rule 16b-3)
   C - Conversion of derivative security
   E - Expiration of short derivative position
   H - Expiration (or cancellation) of long derivative position with value received
   O - Exercise of out-of-the-money derivative security

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**


    X - Exercise of in-the-money or at-the-money derivative security

  Other Section 16(b) Exempt Transaction and Small Acquisition Codes (except for Rule
16b-3 codes above)
    G - Bona fide gift
    L - Small acquisition under Rule 16a-6
    W - Acquisition or disposition by will or the laws of descent and distribution
    Z - Deposit into or withdrawal from voting trust

  Other Transaction Codes
    J - Other acquisition or disposition (describe transaction)
    K - Transaction in equity swap or instrument with similar characteristics
    U - Disposition pursuant to a tender of shares in a change of control transaction

  Form 3, 4 or 5 Holdings or Transactions Not Previously Reported
    To indicate that a holding should have been reported previously on Form 3, place a "3"
in Table I, column 3 or Table II, column 4, as appropriate. Indicate in the space provided
for explanation of responses the event triggering the Form 3 filing obligation. To
indicate that a transaction should have been reported previously on Form 4, place a "4"
next to the transaction code reported in Table I, column 3 or Table II, column 4 (e.g, an
open market purchase of a non-derivative security that should have been reported
previously on Form 4 should be designated as "P4"). To indicate that a transaction should
have been reported on a previous Form 5, place a "5" in Table I, column 3 or Table II,
column 4, as appropriate. In addition, the appropriate box on the front page of the Form
should be checked.

                          * * * * *


1. Name and Address of Reporting
   Person [FNa1]
(Last)                              (First)              (Middle)
                                              (Street)
(City)                              (State)              (Zip)
FNa1. If the Form is filed by more than one Reporting Person, see Instruction
  4(b)(v).


                          * * * * *


    *39  7. Individual or Joint/Group Filing
(Check applicable line)
_____ Form filed by One Reporting Person
_____ Form Filed by More than One Reporting Person




© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

* * * * *

By the Commission.

Jonathan G. Katz

Secretary

FN1. 17 CFR 240.16a-1, 16a-2, 16a-3, 16a-4, 16a-6, 16a-8, 16a-9, 16b-3, and 16b-6.
Throughout this release, the term "current Rule or Form" refers to the regulation as in
effect before today's amendments, while "new Rule or Form" refers to the regulations as
amended or adopted in this release.

FN2. 15 U.S.C. 78p.

FN3. 15 U.S.C. 78a et seq.

FN4. 17 CFR 240.16b-2.

FN5. 17 CFR 240.16b-11.

FN6. 17 CFR 240.16a-12 and 16a-13.

FN7. 17 CFR 229.405.

FN8. 17 CFR 228.405.

FN9. 17 CFR 249.103, 104 and 105.

FN10. The term "insider," as used in this release, refers to officers and directors of
issuers with a class of equity securities registered pursuant to Section 12 of the
Exchange Act, and holders of more than ten percent of a class of equity securities so
registered. When referring to an issuer with securities registered under Section 12, this
release includes securities of closed-end investment companies subject to Section 30(f) of
the Investment Company Act [15 U.S.C. 80a-29(f) (1988)] and public utility holding
companies subject to Section 17 of the Public Utility Holding Company Act of 1935 [15
U.S.C. 79q (1988)]. The insiders of a closed-end investment company also include the
adviser and any affiliated person of the adviser. Section 2(a)(3) of the investment
Company Act [15 U.S.C. 80a-2(a)(3) (1988)].

FN11. Release No. 34-28869 (February 8, 1991) [56 FR 7242] ("Adopting Release"). The rules
generally became effective on May 1, 1991, except for the phase-in period for compliance
with the substantive conditions of new Rule 16b-3. The phase-in period previously was
extended until September 1, 1996 or such different date as may be set in further
rulemaking (Release 34-36063 (August 7, 1995) [60 FR 40994] ("1995 Phase-in Release")). It
is being further extended to November 1, 1996 to accommodate the transition to the new
rules. Issuers may use new Rule 16b-3 for transactions on or after the August 15, 1996

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

effective date, but are not required to use the new rule until the end of the phase-in
period. See Section VII, below.

Following the Adopting Release, the Commission issued two other releases relating to the
revised rules; one set forth the Commission's views regarding shareholder approval for
amendments to employee benefit plans under Rule 16b-3, as well as certain technical
amendments (Release No. 34-29131 (April 26, 1991) [56 FR 19925]), while the other adopted
a technical amendment to Form 4 (Release No. 34-28869B (April 10, 1991) [56 FR 14467]).

FN12. 15 U.S.C. 78p(b).

FN13. Release No. 34-34514 (August 10, 1994) [59 FR 42449] ("1994 Release").

FN14. 15 U.S.C. 78p(a).

FN15. Release No. 34-34681 (September 16, 1994) [59 FR 48579] ("Cash-only Release").

FN16. Release No. 34-36356 (October 11, 1995) [60 FR 53832], as corrected in Release No.
34-36356A (October 29, 1995) [60 FR 54823], (together, the "1995 Release").

FN17. An insider's breach of fiduciary duty to profit from self-dealing transactions with
the company is a concern of state corporate law. Generally, states have created potent
deterrents to insider self-dealing and other breaches of fiduciary duty. See 3 Fletcher
Cyc. Corp. §837.60 (Perm. ed. 1994); D. Block, S. Radin and N. Barton, The Business
Judgment Rule: Fiduciary Duties of Corporate Directors 124-37 (4th ed. 1993). There are
also potential liability considerations under Rule 10b-5 [17 CFR 240.10b-5].

FN18. 26 U.S.C. et seq. (1986) ("Internal Revenue Code").

FN19. 29 U.S.C. 1001 et seq. (1986).

FN20. See Section II, below.

FN21. See Section IV, below.

FN22. These comment letters, together with two Summaries of Comments prepared by
Commission staff, are available for inspection and copying in the Commission's Public
Reference Room, 450 Fifth Street, N.W., Washington D.C. 20549. Persons seeking these
materials should make reference to File No. S7- 21-94.

FN23. Pursuant to Release 33-7300 issued today, the Commission also is rescinding Rules
16b-1(c) and 16b-4 and amending Rule 16a-3(i) to permit typed signatures, consistent with
the recommendations of the Task Force on Disclosure Simplification.

FN24. Current Rule 16a-1(c)(3).

FN25. New Rule 16a-1(c)(7), which will codify the Interpretive positions set forth in
Video Technology (Overseas) Limited/Davis Polk & Wardwell (June 17, 1992) and Davis Polk &

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

Wardwell (July 16, 1992).

FN26. New Rule 16a-1(c)(3) (proposed as Rule 16a-1(c)(8)).

FN27. New Rule 16a-11 (current Rule 16b-2).

FN28. New Rule 16a-12.

FN29. New Rule 16a-13.

FN30. New Rule 16a-2(b).

FN31. New Rule 16a-4(d).

FN32. These transactions, which do not exceed $10,000 in the aggregate, are eligible for
deferred reporting pursuant to current and new Rule 16a-6.

FN33. New Rule 16a-3(j).

FN34. Current Rule 16a-8(a)(1)(ii), which makes a trust subject to Section 16 if the
trustee otherwise is subject to Section 16 and exercises or shares investment control of
issuer securities held by the trust and the trustee or a member of the trustee's immediate
family has a pecuniary interest in such issuer securities, is rescinded. Other obligations
applicable to trusts, trustees, beneficiaries and settlors pursuant to current Rule 16a-8
are not affected by this change.

FN35. 17 CFR 229.405 and 228.405.

FN36. New Rule 16a-11 (current Rule 16b-2).

FN37. New Rule 16a-12.

FN38. Current and new Rule 16a-9.

FN39. New Rule 16a-2(b).

FN40. See Section I, above.

FN41. As indicated in Note (1) to new rule 16b-3, the exercise or conversion of a
derivative security that does not satisfy the conditions of this rule will continue to be
eligible for exemption from Section 16(b) pursuant to Rule 16b-6(b) [17 CFR 240.16b-6(b)].
Similarly, a note is added to new Rule 16b-6(b) as a reminder that exercises or
conversions also may be exempted by new Rule 16b-3.

FN42. Like current Rule 16b-3, new Rule 16b-3 does not provide an exemption for persons
who are subject to Section 16 solely because they beneficially own greater than ten
percent of a class of an issuer's equity securities. Officers and directors owe certain
fiduciary duties to a corporation. See n. 17, above. Such duties, which act as an

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

independent constraint on self-dealing, may not extend to ten percent holders. The lack of
other constraints argues against making new Rule 16b-3 available to ten percent holders.
However, new Rule 16b-3 is available to such a person who is also subject to Section 16 by
virtue of being an officer or director with respect to transactions with the issuer.

FN43. New Rule 16b-3(a). Although some transactions between officers or directors and
issuer-sponsored employee benefit plans technically are not transactions with the issuer,
such transactions should be within the scope of an exemption premised on the nature of
insiders' transactions with issuers. Employee benefit plans are the most common vehicle by
which issuers provide for securities-based compensation of employees, including officers
and directors, that otherwise would be satisfied through direct compensation from the
issuer.

FN44. In addition to the conditions for exemption, as discussed below, Note (2) has been
added to new Rule 16b-3 to reference the reporting rules applicable to transactions
exempted by the new rule. See Section IV, below.

FN45. Because a plan no longer will be required to set forth in writing either the price
at which securities may be offered and the amount of securities to be awarded, or the
method by which such price and amount are to be determined, the manner in which shares are
counted no longer will present interpretive issues. As noted at n. 69 to the 1994 Release,
interpretive letters regarding this subject for purposes of the requirements of current
Rule 16b-3(a)(1) no longer are required to be followed.

FN46. New Rule 16b-3(c).

FN47. The rule does not require the plan to be tax-qualified, but instead either to
satisfy specified conditions applicable to tax-qualified plans, or, in certain
circumstances, to be operated in connection with a plan that satisfies those conditions.

FN48. New Rule 16b-3(b)(4). The definition of "Qualified Plan" is adopted as proposed,
i.e., an employee benefit plan that satisfies the coverage and participation requirements
of <u>Sections 410</u> and <u>401(a)(26) of the Internal Revenue Code of 1986</u>, or any successor
provisions thereof.

FN49. New Rule 16b-3(b)(2). The definition of "Excess Benefit Plan" has been revised to
eliminate references to specific I.R.C. Sections so as to ensure that plans qualifying for
an exemption under Section 201(2) of ERISA would be covered by the exemption. The revised
definition requires that such a plan be operated in conjunction with a Qualified Plan, and
provide only the benefits and contributions that would be provided under the Qualified
Plan but for any benefit or contribution limitations set forth in the Internal Revenue
Code. As was proposed, the amended rule does not require transactions pursuant to an
Excess Benefit Plan to be in tandem with transactions in the related Qualified Plan to be
eligible for exemption.

FN50. New Rule 16b-3(b)(5). The definition of "Stock Purchase Plan" has been revised to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

indicate that satisfaction of the coverage and participation standards of <u>Section 410 of</u>
<u>the Internal Revenue Code</u> is an alternative to satisfaction of <u>Internal Revenue Code</u>
<u>Section 423(b)(3)</u> and <u>423(b)(5)</u>, rather than an additional requirement. The purpose of
including this alternative standard is to make the exemption available to stock purchase
plans that do not satisfy the standards of <u>Internal Revenue Code Section 423</u>, but
nevertheless are operated in a broad-based manner.

FN51. See Section II.C, below.

FN52. <u>Internal Revenue Code Section 162(m)</u> and Regulation §1.162-27(e), which set forth
the conditions pursuant to which an issuer may deduct compensation in excess of $1 million
paid to its chief executive officer and four other most highly compensated officers for
whom disclosure is required to be reported in Exchange Act filings.

FN53. See Section II.D, below.

FN54. No exemption has been provided in new Rule 16b-3 for a withdrawal in kind of issuer
equity securities because such a transaction would be a change in form of beneficial
ownership from indirect to direct, which will be exempt from Section 16 pursuant to new
Rule 16a-13. See Section IV.B, below.

FN55. New Rule 16b-3(f).

FN56. New Rule 16b-3(b)(1).

FN57. Because it is anticipated that the actual date on which such a plan transaction
occurs may be outside the control of an insider participant, the rule is premised on a
six-month interval between the date of subsequent "opposite way" elections. The rule does
not require that such an election be made six months in advance of the related
transaction.

FN58. The items enumerated are the same as those in the rule as proposed, although they
were not set forth in a separate definition.

FN59. Such transactions are exempted by current Rule 16b-3(d)(1)(ii).

FN60. Such transactions include diversification elections and distributions provided for
by <u>Internal Revenue Code Section 401(a)(28)</u>, and distributions required by <u>Internal</u>
<u>Revenue Code Section 401(a)(9)</u>.

FN61. A loan funded by the disposition of issuer equity securities will be considered a
cash distribution involving a volitional disposition of an issuer equity security unless
the insider continues to bear the risk of loss with respect to such issuer equity
securities during the term of the loan. Involuntary distributions of cash for the purpose
of satisfying the limitations on employee elective contributions and employer matching
contributions imposed by the Internal Revenue Code will be exempt without condition

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

because such transactions do not occur at the insider's volition.

FN62. New Rule 16b-3(d).

FN63. Many such transactions are now exempt pursuant to the six month advance election
provided by current Rule 16b-3(d)(1)(i).

FN64. Participant-directed dispositions are eligible for the "Dispositions to the Issuer"
exemption, discussed in Section II.E, below.

FN65. See Section II.C, above.

FN66. New Rule 16b-3(d)(1).

FN67. New Rule 16b-3(d)(2). Like current Rule 16b-3(b), this standard would require the
affirmative vote of the holders of the majority of the issuer's securities present or
represented and entitled to vote at a meeting duly held in accordance with the applicable
laws of the state or other jurisdiction in which the issuer is incorporated, or the
written consent of the majority of the issuer's securities entitled to vote, solicited in
compliance with Section 14 of the Securities Exchange Act [15 U.S.C. 78n].

FN68. New Rule 16b-3(d)(3). The 1995 Release solicited comment as to whether a grant or
award that satisfies any of the three alternative conditions should be exempt only if the
officer or director to whom the grant is made had not disposed of issuer equity securities
on a non-exempt basis during the previous six months at a price higher than that at which
the grant is made. New Rule 16b-3(d), as adopted, does not require satisfaction of this
condition with respect to any acquisition.

FN69. This position is consistent with the amendment to current Rule 16b-3(c)(1) proposed
in 1994, which would have reversed current interpretation providing that the six-month
holding period is deemed to commence on the date the dividend or DER is granted or
allocated to the participant. See Hewitt Associates (Apr. 30, 1991) Q. 2(b); and Davis
Polk & Wardwell (Aug. 23, 1991). Under new Rule 16b-3, DERs and shares purchased pursuant
to the receipt of dividends will need to satisfy a six-month holding period only if the
securities on which the dividends or DERs are paid rely on a six-month holding period as
the basis for exemption. Moreover, pro rata dividends paid in stock with respect to all
securities of a class will continue to be exempt pursuant to Rule 16a-9.

FN70. This term is defined in new Rule 16b-3(b)(3). See Section II.D.4, below.

FN71. A plan that constitutes a "formula plan" under staff interpretations of current Rule
16b-3(c)(2)(ii) will be considered a formula plan for this purpose.

FN72. The disposition of the derivative security that occurs upon exercise similarly will
be exempt pursuant to new Rule 16b-3(e). See Section II.E, below.
  A derivative security that did not satisfy the Non-Employee Director committee, board of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

directors or shareholder approval conditions (such as a derivative security issued in
reliance on the six-month holding period of new Rule 16b-3(d)(3) or a derivative security
acquired other than directly from the issuer) could be exercised or converted and the
underlying issuer equity securities acquired on an exempt basis pursuant to Rule 16b-6(b),
if the conditions of that rule are met (fixed exercise price and exercise not
out-of-the-money unless necessary to comport with the sequential exercise provisions of
Internal Revenue Code Section 422A).

FN73. Current Rule 16b-3(c)(2)(i).

FN74. New Rule 16b-3(b)(3)(i).

FN75. 17 CFR 229.404(a). This item generally requires disclosure of related party
transactions where the amount involved exceeds $60,000. For purposes of the definition of
"Non-Employee Director," each test that refers to S-K Item 404 will be measured by
reference to the Regulation S-K disclosure Item, whether the disclosure requirements
applicable to the issuer are governed by Regulation S-K or S-B.

FN76. 17 CFR 229.404(b). This item generally requires disclosure of business relationships
with the registrant where the amount involved exceeds greater than five percent of the
consolidated gross revenue of either the registrant or the other entity.

FN77. New Rule 16b-3(b)(3)(ii).

FN78. 15 U.S.C. 80a-2(a)(19).

FN79. See n. 17, above.

FN80. New Rule 16b-3(e).

FN81. See Section II.C, above.

FN82. Like most other exempt transactions, these transactions will be reportable on Form
5. See Section IV.C, below. However, where the surrender or withholding transaction is in
connection with the exercise or conversion of a derivative security, it should be reported
on the same Form 4 as the exercise or conversion. See Section IV.D, below.

FN83. The 1995 Release solicited comment as to whether a disposition that satisfies either
condition should be exempt only if the officer or director making the disposition had not
acquired issuer equity securities on a non-exempt basis during the previous six months at
a price lower than that at which the disposition was made. New Rule 16b-3(e), as adopted,
does not require satisfaction of this condition with respect to any disposition.

FN84. Note (3) to new Rule 16b-3. See Section II.D.3, above.

FN85. If such securities were acquired in reliance on new Rule 16b-3(d)(3), the six-month
holding period will need to be satisfied prior to such disposition in order for the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

acquisition to be exempt.

FN86. Any such proxy statement should describe the security holdings of each officer and director as to which approval of an exempt disposition is solicited. See Item 5 of Schedule 14A [17 CFR 240.14a-101], which requires, in a solicitation made on behalf of the registrant, a brief description by security holdings of any direct or indirect substantial interest in any matter to be acted upon of each person who has been a director or executive officer of the registrant at any time since the beginning of the last fiscal year, unless such interest gives rise to a benefit that is shared on a pro rata basis by all other holders of the same class. See also Item 3 of Schedule 14C [17 CFR 240.14c-101].

FN87. An instrument whose value is not derived from the value of an issuer equity security is not currently and, under the rules as adopted, will not be subject to Section 16.

FN88. Current Rule 16a-1(c)(3)(i), which references the provisions of Rules 16b-3(a)(1) (written plan requirements), 16b-3(a)(2) (transferability restriction) and 16b-3(c)(2) (disinterested administration or formula plan).

FN89. Current Rule 16b-3(c)(3)(ii).

FN90. See Section I, above.

FN91. See the discussion of reporting at Section VII.A, below, concerning the transition to the new rules.

FN92. Most of these instruments are acquired from the issuer and meet the other conditions of the new Rule. Of course, the acquisition of a cash-only instrument from a party other than the issuer would not be within the scope of the Rule.

FN93. See Section II.D.1, above.

FN94. See Video Technology (Overseas) Limited/Davis Polk & Wardwell (June 17, 1992), and Davis Polk & Wardwell (July 16, 1992). Absent this relief, and over-allotment option written by an insider could be characterized as the establishment of a put equivalent position and deemed sale of the underlying stock. Subsequent expiration of the unexercised option arguably could constitute a purchase of the underlying security, matchable with the over-allotment option grant or other sales by the insider within a six-month period.

FN95. Paragraph (c)(6)(B)(ix) of Article III, Section 44 of the NASD Rules of Fair Practice (the Corporate Financing Rule).

FN96. New Rule 16a-1(c)(7).

FN97. See Section II.E, above.

FN98. As an alternative to separate reporting, a tax withholding right currently may be noted as a feature of the equity or derivative security to which it relates. See The

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

Clorox Company (Mar. 27, 1992). An insider's failure to report such right does not give
rise to a disclosure obligation under Item 405 of Regulation S-B or Regulation S-K. See
Skadden, Arps, Slate, Meagher & Flom (June 8, 1992).

FN99. Cf. Xerox Corporation (Jul. 7, 1992) (the staff reached this conclusion with respect
to a mandatory tax withholding feature).

FN100. New Rule 16a-1(c)(3) (proposed as Rule 16a-1(c)(8)).

FN101. Proposed Rule 16a-1(c)(9).

FN102. This is an interpretation of current Rule 16a-1(c), which requires a derivative
security to have "an exercise or conversion privilege at a price related to an equity
security, or ... a value derived from the value of an equity security." See General Mills,
Inc. (Jan. 31, 1992); and Certilman Balin Adler & Hyman (Apr. 20, 1992). See also Boston
Edison Company (Mar, 19, 1992); Merrill Lynch & Co. (Aug. 28, 1992) Q. 4. (Registrant
discretion to adjust the applicable performance measure, as to either duration or level of
performance, excludes a performance unit from being a derivative security.)

FN103. Instruction 4(a)(i) to Form 4.

FN104. There may not be sufficient information available concerning certain types of
transactions that are not required to be reported under the revised rules, e.g., periodic
purchases in tax-conditioned employee benefit plans, to establish a best estimate
regarding changes in holdings. In those cases, the holdings column will not be updated
until the information becomes available.

FN105. When accurate information concerning holdings that were estimated by an insider
becomes available, it should be reflected on the next otherwise required Form 4 or 5 that
references the same class of securities. Modifications in holdings information to reflect
variances in actual holdings from estimated holdings will not trigger the disclosure
requirements of item 405 of Regulations S-K and S-B.

FN106. See Release Nos. 33-7231 (October 5, 1995) [FR] and 33-7241 (November 13, 1995) [60
FR 57682]. At the same time, the EDGAR system was expanded to accommodate the electronic
filing of reports pursuant to Rule 144 [17 CFR 230.144] under the Securities Act [15
U.S.C. 77a et seq.].

FN107. Instruction 3 to Form 3 and Instruction 2 to Forms 4 and 5 have been amended to add
a reference to electronic filing.

FN108. New Rule 16a-9(a). The current exemption for stock splits and dividends has been
expanded to include specifically a stock dividend in which equity securities of a
different issuer are distributed. See Section V.C, below.

FN109. New Rule 16a-11. See Section V.A, below.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**


FN110. New Rules 16a-3(f)(1)(i)(B) and 16b-3(c). Current Instruction 4(a)(ii) to Form 5
sets forth information regarding the reporting of transactions and holdings in ongoing
securities acquisition plans. Among other things, it states that transactions and holdings
may be reported as of the most recent date for which information is available, and that
acquisitions may be reported on an aggregate basis. The 1994 Release proposed amendments
to Instructions 4(a)(ii) and (iv) to Form 5 and the Note to instruction 4(a)(ii) to Form 4
to codify interpretations regarding aggregated reporting. Because these acquisitions no
longer are required to be reported under the revised rules, the proposed amendments are
not adopted. Further, current Instruction 4(a)(ii) to Form 5 is rescinded since the
transactions addressed will not be reported under the revised rules.

FN111. Defined as "Discretionary Transactions" pursuant to new Rule 16b-3(b)(1). See
Section II.C, above. These transactions will continue to be reported on Form 5, as
discussed in Section IV.C below.

FN112. New Rule 16a-2(b).

FN113. New Rule 16a-12. See Section V.B below for further discussion of this new rule,
which expands the existing exemption relating to Qualified Domestic Relations Orders.

FN114. New Rule 16a-13.

FN115. New Rule 16a-4(d).

FN116. Under the current and revised requirements, stock splits, stock dividends with
respect to the same issuer and the acquisition of certain pro rata rights do not have to
be reported pursuant to Rule 16a-9. Further, transactions by odd-lot dealers in odd-lots
are exempt from current and revised reporting requirements pursuant to Rule 16a-5.
Cash-only instruments also are not now reported since they are excluded from the
definition of "derivative securities" under current Rule 16a-1(c)(3) if they meet certain
conditions, but they will be reported under the new rules.

FN117. New Rule 16a-13. For example, distributions of equity securities from an employee
benefit plan to an insider participant would be a mere change in the form of beneficial
ownership from indirect to direct where the securities previously had been attributed to
the insider.

FN118. Accordingly, the proposed transaction code is not adopted. The new rule makes it
clear that exercises and conversions of derivative securities and the deposit or
withdrawal of shares into or from a voting trust are not to be regarded as mere changes in
the form of beneficial ownership, and will continue to be reported. If a deposit or
withdrawal of shares into or from a Voting trust satisfies the conditions of Rule 16b-8
[17 CFR 240.16b-8], the transaction is exempt from Section 16(b).

FN119. New Rule 16a-3(f)(1)(i).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No. 35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C. Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

FN120. New Rule 16a-6.

FN121. See Section III.A, above.

FN122. New Rule 16a-6, like the current rule, provides only a deferral, not an exemption, from reporting. All small acquisitions, unless otherwise exempt, must be reported on Form 5. As is currently the case, if an acquisition no longer qualifies for the reporting deferral in paragraph (a) of Rule 16a-6, all such acquisitions that have not yet been reported will continue to be reported on Form 4 within ten days after the close of the calendar month in which the conditions of that paragraph no longer are met. See Rule 16a-6(b) [17 CFR 240.16a-6(b)].

FN123. As discussed below, exempt exercises and conversions of derivative securities will be reported on Form 4 under the revised rules.

FN124. New Rule 16a-3(g)(1).

FN125. Id.

FN126. If a derivative security is exercised or converted before its exempt grant otherwise must be reported, the grant should be reported at the same time as the exercise or conversion.

FN127. New Rules 16a-3(j) and 16a-1(a)(3) reflect this change. Forms 3, 4 and 5 and the Instructions thereto also are modified to permit joint and group filings. In response to a commenter's request for clarification, the revised instructions to the forms indicate that, for their convenience, joint filers may reflect transactions in separately owned securities either in an individually filed or jointly filed report.

FN128. Joint and group filings can be used, for example, by parents and subsidiaries, trusts and trust beneficiaries, partnerships, or Schedule 13D groups [17 CFR 240.13d-101]. The group itself is not a reporting person for Section 16 purposes, but under the revised rules, group members may choose to file collective reports to satisfy their individual filing obligations. A group member is not required to report transactions by another group member, however, unless he or she has or shares a pecuniary interest in the securities held by such other member.

FN129. Currently, General Instruction 7 to Forms 3, 4 and 5 permits a form filed for an individual to be signed on behalf of the individual by an authorized person. This instruction remains the same. General Instruction 5 to Form 3 and General Instruction 4 to Forms 4 and 5 are amended to specify the means of reporting pecuniary interest of multiple beneficial owners. A corresponding amendment also has been made to General Instruction 6 to each Form.

FN130. Cf. In the Matter of Bettina Bancroft, Release No. 34-32033, AP 3- 7999 (Mar. 23, 1993).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

FN131. New Rule 16a-8(a)(1). See Proskauer Rose Goetz & Mendelsohn (Apr. 29, 1991) (a
trust that holds more than ten percent of a class of equity securities registered under
Section 12 is the beneficial owner of those securities for purposes of Section 16).

FN132. Current Rule 16a-8(a)(1)(ii) [17 CFR 240.16a-8(a)(1)(ii)]. A conforming amendment
to Rule 16a-2(d)(2) [17 CFR 16a-2(d)(2)] reflects the rescission of Rule 16a-8(a)(1)(ii).

FN133. Note to new Rule 16a-8(b)(3).

FN134. New Item 405(a)(1) of Regulations S-K and S-B. Additionally, a technical amendment
has been made to Item 405 of Regulation S-B to correct the reference to Rule 16a-3(d) [17
CFR 240.16a-(d)] by replacing it with a reference to Rule 16a-3(e) [17 CFR 240.16a-3(e)].

FN135. New Item 405(a)(2) of Regulations S-K and S-B. This obligation was set forth in the
1991 Adopting Release, n. 231 and surrounding text.

FN136. A "safe harbor" from disclosure is available for an issuer who receives a written
representation and keeps it for two years. See Item 405(b)(2).

FN137. On February 14, 1996, the Commission included in the SEC News Digest and posted on
the Commission's Internet Web Site an announcement encouraging the electronic filing of
Forms 3, 4 and 5 (as well as Form 144) and providing guidance on how companies that choose
to do so may assist filers in the electronic filing process.

FN138. Of course, insiders giving powers of attorney would still retain individual
liability for compliance. See n. 130, above.

FN139. See Section III.G of the 1994 Release for the Commission's detailed analysis.

FN140. For purposes of this analysis, "return" may include dividends paid on the equity
instrument, as well as the change in market value.

FN141. This analysis addresses solely the application of Section 16 to equity swaps to the
extent that they are engaged in by insiders. The discussion does not analyze the status of
these transactions or the parties thereto under any other provision of the federal
securities laws. However, as stated in the 1994 Release, no Section 16 consequences would
flow from an equity swap to the extent that the equity swap relates solely to interests in
securities comprising part of a broad-based, publicly traded market basket or index of
stocks, approved for trading by the appropriate federal governmental authority, that are
deemed not to confer beneficial ownership for purposes of Section 16 pursuant to Rule
16a-1(a)(5)(iii)[17 CFR 240.16a-1(a)(5)(iii)] and/or are excluded from the definition of
"derivative securities" pursuant to current Rule 16a-1(c)(4).

FN142. See 1994 Release n. 106, which stated that to the extent settlement of the parties'
obligations occurs on an interim basis during the term of the swap the insider's Section
16 obligations would arise with respect to each settlement, commenters expressed concern

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

over the need to report interim events. As noted above and consistent with the Section 16 reporting scheme in general, such events need be reported only to the extent that they cause a change in an insider's call or put equivalent position.

FN143. New Code K is added to Forms 4 and 5 for reporting equity swaps and instruments with similar characteristics. See Section IV.I, below.

FN144. See Release No. 33-7187 (June 27, 1995) [60 FR 35645].

FN145. See Release No. 33-7190 (June 27, 1995) [60 FR 35663].

FN146. See the Commission's Report of the Task Force on Disclosure Simplification, Part III.A.3.b.

FN147. Transaction code "F." The sale of shares to pay the exercise price of an option under a cashless exercise program is exempt from Section 16(b) if the issuer is the purchaser, but not if the shares are sold on the open market by a broker or other third party. Code "F" may be used to reflect only exempt transactions. The amendments clarify that code "F" also should be used to report the withholding of securities incident to satisfaction of tax liability incurred upon the receipt, exercise or vesting of a security.

FN148. Transaction code "S."

FN149. New transaction code "K" and General Instruction 8 to Forms 4 and 5.

FN150. For example, an equity swap transaction reported as a disposition will be reported as S/K, using the codes for "sale" and "equity swap."

FN151. General Instruction 3(a) to Form 3, and General Instruction 2(a) to Forms 4 and 5.

FN152. General Instruction 6 to Forms 3, 4 and 5. Specified information must be included at the top of the page so that the filing can be identified if the page is detached.

FN153. Transaction codes "A," "F," "H," "I," and "M" have been modified and codes "B," "N," "Q," "R" and "T" have been deleted.

FN154. Item 1 of the forms has been revised to explain how the names and addresses of more than one reporting person should be indicated, and a new Item 7 has been added to the forms to indicate whether the form is being filed by one or more reporting persons.

FN155. This standard would be evaluated by reference to all shareholders of the class. For example, the requirement would not be satisfied merely by making the plan available to all employees of the issuer.

FN156. Consistent with current interpretation, the rule as amended would exempt only the reinvestment of dividends or interest. Additional securities acquired through voluntary

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No.
35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C.
Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

cash contributions to such plans will not be exempt pursuant to this rule, but may be
exempt under new Rule 16b-3, assuming other conditions are met. See Release No. 34-28869,
n. 89. The amended rule also continues to exempt the acquisition of issuer equity
securities pursuant to a dividend reinvestment feature of an employee benefit plan so long
as the company maintains a separate dividend reinvestment plan that satisfies the
conditions of the rule. See Simpson Thacher & Bartlett (Jun. 19, 1991) and Release No.
34-18114, Q. 76. Finally, consistent with current interpretations, the amended rule will
continue to be available to exempt the reinvestment of dividends in the securities of a
publicly traded parent or subsidiary, and will exempt the reinvestment of all pro rata
distributions to security holders, not just dividends and interest. See Middle South
Utilities, Inc. (Aug. 21, 1982) and Investment Company Institute (Sept. 18, 1992).

FN157. New Rule 16a-11. The rule has been renumbered as a Section 16(a) rule, since
reporting of these transactions no longer will be required, as discussed above.

FN158. Current Rule 16b-3(f)(3).

FN159. I.R.C. Sections 414(p)(1)(A) and (B). Among other things, the order must create or
recognize an alternate payee's right to receive all or a portion of the benefits payable
to a participant under a plan; relate to the provisions of child support, alimony
payments, or marital property rights to a spouse, former spouse, child, or other dependent
of the participant; and be made pursuant to a state domestic relations law (including a
community property law).

FN160. The order need not satisfy, among other things, conditions applicable to payments
made after the participant's earliest retirement age, and requirements to treat the former
spouse as surviving spouse for purposes of determining survivor benefits. See Premark
International, Inc. (Mar. 6, 1992), which further provides that the plan may permit such
transfers consistent with the transferability restriction of current Rule 16b-3(a)(2).

FN161. New Rule 16a-12, which replaces current Rule 16b-3(f)(3). This amendment was
proposed in the 1994 Release as proposed Rule 16b-5(b), but instead is adopted as a
Section 16(a) rule since reporting of these transactions no longer will be required, as
discussed above.

FN162. See Emergent Group, Inc. (Apr. 6, 1992).

FN163. New Rule 16a-9(a).

FN164. E.g., new Rule 16a-1(c)(7) and Item 405(a)(2) of Regulations S-K and S-B.

FN165. Post-Effective Date transactions in cash-only securities that were originally
issued prior to May 1, 1991 will continue not to be subject to Section 16 to the extent
provided in Cravath, Swaine & Moore (Oct. 22, 1991).

FN166. See the 1995 Phase-in Release.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No. 35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C. Release No.)
**(Cite as: 1996 WL 290234 (S.E.C. Release No.))**

FN167. See Release No. 34-37261, issued today.

FN168. Former Rules 16a-8(b) and 16a-8(g)(3) also remain available for purposes of providing an exemption from Section 16(b). See the 1991 Adopting Release at Section VII.C.

FN169. Following conversion of an existing plan to new Rule 16b-3, the amendment of outstanding derivative securities to permit their transfer will not be deemed a cancellation of such securities and a grant of new securities for Section 16 purposes. Compare Time Warner (Dec. 18, 1992) Q.3 and Jesse M. Brill (Mar. 25, 1994) Q.4, where following amendment outstanding options no longer were exempt pursuant to current and former Rule 16b-3, respectively.

FN170. The new reporting exemption for tax-conditioned plans will not be available until new Rule 16b-3 is used because that reporting exemption applies only to transactions exempted by new Rule 16b-3(c).

FN171. 15 U.S.C. 78c(a)(11).

FN172. 15 U.S.C. 78c(a)(12).

FN173. 15 U.S.C. 78c(b).

FN174. 15 U.S.C. 78i(b).

FN175. 15 U.S.C. 78j(a).

FN176. 15 U.S.C. 78l(h).

FN177. 15 U.S.C. 78m(a).

FN178. 15 U.S.C. 78n.

FN179. 15 U.S.C. 80a-29.

FN180. 15 U.S.C. 80a-37.

FN181. 15 U.S.C. 79q.

FN182. 15 U.S.C. 79t.

Release No. 26524, Release No. 37260, Release No. 34-37260, Release No. 35-26524, Release No. IC - 21997, 62 S.E.C. Docket 138, 1996 WL 290234 (S.E.C. Release No.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.