IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FTR CONSULTING, INC., derivatively on behalf of MTC TECHNOLOGIES, INC.<br><br>       Plaintiff,<br><br>v.<br><br>RAJESH K. SOIN, VISHAL SOIN, AMOL SOIN, INDU SOIN and MTC TECHNOLOGIES, INC.,<br><br>       Defendants. | C. A. No. 05-00008 (KAJ) |

## NOTICE OF SUPPLEMENTAL AUTHORITY IN
## SUPPORT OF DEFENDANTS' MOTION TO DISMISS

                                  Richard L. Horwitz (#2246)
                                  Melony R. Anderson (#4377)
                                  POTTER ANDERSON & CORROON LLP
                                  Hercules Plaza
                                  1313 North Market Street
                                  Wilmington, Delaware 19801
                                  Tel: (302) 984-6000

Of Counsel:                         Attorney for Defendants Rajesh K. Soin,
                                  Vishal Soin, Amol Soin and Indu Soin

Geoffrey J. Ritts
Salim A. Kafiti
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Tel: (216) 586-3939


Dated: March 20, 2006

CLI-1393619v1

Defendants Rajesh, Vishal, Amol and Indu Soin ("Defendants") give notice of the recent decision of the United States District Court for the Southern District of New York in *Segen v. CDR-Cookie Acquisitions, L.L.C.*, No. 05-CIV-3509 (RWS), 2006 U.S. Dist. LEXIS 3053 (S.D.N.Y. Jan. 4, 2006) (Sweet, J.) (attached, Exhibit A), as additional authority supporting their motion to dismiss. *Segen* provides further support that: (1) the SEC's August 2005 amendment to Rule 16b-3 (the "Amended Rule") was within the SEC's rule-making authority; (2) the Amended Rule merely clarified what Rule 16b-3 meant all along and thus applies to transactions occurring before its adoption; and (3) the transaction in this case is exempt from Section 16(b) liability because all of Rule 16b-3's requirements have been satisfied.

*Segen* involved a claim to recover alleged short-swing profits that plaintiff alleged occurred in connection with a recapitalization of Covansys Corp. ("Covansys") to attract additional investment from an institutional third party. *Id.* at *4. The recapitalization agreement, which was approved by Covansys' board of directors, a special independent committee, and the company's shareholders, converted all of the existing securities beneficially owned by Covansys' controlling shareholder (collectively, the "CDR-Cookie Defendants") to cash and other securities of Covansys. *Id.* Plaintiff asserted that the recapitalization constituted a matchable short-swing transaction with respect to the securities beneficially owned by the CDR-Cookie Defendants. *Id.* at *6-7.

In granting the defendants' motion to dismiss the complaint, the court held that Rule 16b-6, which exempts certain transactions in derivative securities from the purview of Section 16(b), did not exceed the SEC's rule-making authority. Judge Sweet explained:

> Section 16(b) expressly confers on the SEC the authority to enact rules or regulations exempting transactions from the reach of the statute as not comprehended within the purpose of the statute. Where, as here, Congress has explicitly left a gap for the agency to

> fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute.

*Id.* at *17 (internal quotations and citations omitted). The court cited the *Chevron*, *Gwozdzinsky* and *Blau* cases – the same authorities Defendants in this case have cited in their motion to dismiss and supporting memoranda, and upheld the validity of Rule 16b-6 because "'the Supreme Court has advised a literal, narrow reading of Section 16'; urging readings that ignore the plain meaning of the applicable rules 'would be in contradiction to the explicit instructions of the Supreme Court.'" *Id.* at *18 (quoting *Gwozdzinsky v. Magten Asset Mgmt. Corp.*, 913 F. Supp. 310, 313 (S.D.N.Y. 1996), *aff'd*, 106 F.3d 469 (2d Cir. 1997)).

The *Segen* court also expressly found that the Amended Rule did not change the meaning of Rule 16b-3, but merely clarified it in light of the Third Circuit's decision in *Levy v. Sterling Holding Co.*, 314 F.3d 106 (3d Cir. 2002), *cert. denied*, 540 U.S. 947 (2003). *Segen*, 2006 U.S. Dist. LEXIS 3053, at *22. Judge Sweet found that the Third Circuit misinterpreted Rule 16b-3 by limiting the scope of its exemption to transactions with compensatory-related functions. *Id.* He went on to hold that, because the Amended Rule merely clarified the pre-existing regulations, it had retroactive affect and applied to the transaction at issue. *Id.* at *23-24.

The *Segen* case is persuasive authority that supports dismissal of plaintiff's claim against the Defendants. The plaintiff in this case (who is represented by the same lawyers that represented the plaintiffs in *Segen*) makes the same arguments that the court in *Segen* found to be without merit. For the same reasons identified by the court in *Segen*, and set forth more fully in Defendants' motion to dismiss and supporting memoranda, this Court should dismiss the complaint with prejudice.

Respectfully submitted,

*/s/ Melony R. Anderson*
Richard L. Horwitz (#2246)
Melony R. Anderson (#4377)
POTTER, ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6027
Fax: (302) 658-1192

Attorneys for Defendants Rajesh K. Soin,
Vishal Soin, Amol Soin and Indu Soin

Of Counsel:

Geoffrey J. Ritts
Salim A. Kafiti
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Tel: (216) 586-3939
Fax: (216) 579-0212

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Melony R. Anderson, hereby certify that on March 20, 2006, the attached document was served via hand delivery and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Theodore J. Tacconelli
FERRY, JOSEPH & PEARCE, P.A.
824 Market Street
Suite 904
P.O. Box 1351
Wilmington, Delaware 19899

Robert Stearn, Jr.
RICHARDS, LAYTON & FINGER
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

I hereby certify that on March 20, 2006, the attached document was served via first class mail to the following non-registered participants:

Paul D. Wexler
BRAGAR WEXLER EAGEL &
MORGENSTERN, P.C.
885 Third Avenue
New York, New York 10022

Glenn F. Ostrager
OSTRAGER CHONG FLAHERTY &
BROITMAN P.C.
250 Park Avenue
New York, New York 10177-0899

By: /s/ Melony R. Anderson
Melony R. Anderson (#4377)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com