IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FTR CONSULTING, INC., derivatively on behalf of MTC TECHNOLOGIES, INC. <br><br> Plaintiff, <br><br> v. <br><br> RAJESH K. SOIN, VISHAL SOIN, AMOL SOIN, INDU SOIN and MTC TECHNOLOGIES, INC., <br><br> Defendants. | C. A. No. 05-00008 (KAJ) |

NOTICE OF THIRD SUPPLEMENTAL AUTHORITY
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Richard L. Horwitz (#2246)
Melony R. Anderson (#4377)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000

Attorney for Defendants Rajesh K. Soin,
Vishal Soin, Amol Soin and Indu Soin

Of Counsel:

Geoffrey J. Ritts
Salim A. Kafiti
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Tel: (216) 586-3939

Dated: August 30, 2006

CLI-1419368v1

Defendants Rajesh, Vishal, Amol and Indu Soin ("Defendants") give notice of the recent decision in the case of *Dreiling v. American Express Co.*, No. 04-35715, 2006 WL 2337451 (9th Cir. Aug. 14, 2006) (Exhibit A hereto), as additional authority supporting their motion to dismiss. The Ninth Circuit Court of Appeals decision in *Dreiling* provides further support (1) that the SEC's August 2005 amendment to Rule 16b-3 (the "Amended Rule") was within the SEC's rule-making authority; and (2) that the preexisting Rule 16b-3 exempted *all* grants of stock by an issuer to an insider, compensatory or not, if the transaction was approved by the board or majority of shareholders.

*Dreiling* involved a claim to recover alleged short-swing profits that plaintiff alleged occurred when shares of InfoSpace were issued to American Express Travel Related Services ("TRS") when its subsidiary Prio, Inc. merged with Infospace. *Id.* at *1. At the time of the merger, an executive officer of TRS, David House, was a member of the board of Infospace. *Id.* The plaintiff in *Dreiling* alleged that TRS was an insider, specifically a "director by deputization," due to Mr. House's position on the board at the time of the merger. *Id.* While the board of directors of Infospace approved the merger agreement, it was unclear whether or not it did so with knowledge that TRS was an insider. *Id.* at *10. The Ninth Circuit held that Rule 16b-3 was valid and applicable, and it remanded the case for the district court to determine whether the board approved the merger with knowledge that TRS was a director by deputization. *Id.*

The *Dreiling* decision is persuasive authority that supports dismissal of plaintiff's complaint. The Ninth Circuit squarely addresses the argument, raised by plaintiff in this case, that the SEC lacked authority to promulgate Rule 16b-3. *Id.* at *1. The Ninth Circuit specifically held that the SEC had authority to adopt Rule 16b-3(d) and that the 1996 revision of

Rule 16b-3, which was clarified by the Amended Rule, "exempted *all* grants or awards of stock or options by an issuer to an insider, compensatory or not, if the transaction was approved by the board or majority of shareholders." *Id.* at *1, *4.

In holding that Rule 16b-3 was validly adopted, the Ninth Circuit gave the SEC's view of its own regulation "controlling weight" under the standard set forth in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984). *Dreiling*, 2006 WL 2337451, at *1, *5. The court held that the SEC "publicly and carefully considered the issue of speculative abuse before finalizing Rule 16b-3(d)," (*id.* at *5), and "exempted non-compensatory issuer-insider trades because they 'do not appear to present the same opportunities for insider profit on the basis of non-public information as do market transactions by officers and directors.'" *Id.* at *4 (quoting Ownership Reports and Trading by Officers, Directors and Principal Security Holders, 61 Fed. Reg. 30,376, 30,377 (June 14, 1996)). As such, Rule 16b-3 was neither "'arbitrary, capricious, or manifestly contrary to the statute.'" *Id.* (quoting *Chevron*, 467 at 843-44). The court found that hypothetical concerns raised by the Third Circuit in *Levy v. Sterling Holding Co.*, 314 F.3d 106, 124 (3d Cir. 2002) did not outweigh "the SEC's 60-year experience with rules interpreting § 16(b), 61 Fed. Reg. at 30,377, and promulgation of Rule 16b-3(d) based on a full notice-and-comment process, resulting in a 'detailed and reasoned' consideration of the rule." *Dreiling*, 2006 WL 2337451, at *7 (quoting *Chevron*, 467 U.S. at 865). Therefore, the Ninth Circuit gave "significant weight to the SEC's determination that board-approved insider-issuer transactions were 'not vehicles for the speculative abuse that section 16(b) was designed to prevent,' 61 Fed. Reg. at 30,377, and [held] that Rule 16b-3(d) was validly promulgated." *Id.* at *5 (citing *Chevron*, 467 U.S. at 865).

The Ninth Circuit's decision in *Dreiling* that the SEC had authority to adopt Rule 16b-3 and that the 1996 version of the rule exempted all insider-issue transactions properly approved by the issuer's board or shareholders, whether compensatory or not, from Section 16(b) liability provides further support for dismissal of the complaint in this case. For the reasons articulated by the Ninth Circuit, and set forth more fully in Defendants' motion to dismiss and supporting memoranda, this Court should dismiss the complaint with prejudice.

Dated: August 30, 2006

Respectfully submitted,

*/s/ Melony R. Anderson*
Richard L. Horwitz (#2246)
Melony R. Anderson (#4377)
POTTER, ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6027
Fax: (302) 658-1192

Attorney for Defendants Rajesh K. Soin, Vishal Soin, Amol Soin and Indu Soin

Of Counsel:

Geoffrey J. Ritts
Salim A. Kafiti
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Tel: (216) 586-3939
Fax: (216) 579-0212

748165

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Melony R. Anderson, hereby certify that on August 30, 2006, the attached document was served via hand delivery and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Theodore J. Tacconelli
FERRY, JOSEPH & PEARCE, P.A.
824 Market Street
Suite 904
P.O. Box 1351
Wilmington, Delaware 19899

Robert Stearn, Jr.
RICHARDS, LAYTON & FINGER
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

I hereby certify that on August 30, 2006, the attached document was served via first class mail to the following non-registered participants:

Paul D. Wexler
BRAGAR WEXLER EAGEL &
MORGENSTERN, P.C.
885 Third Avenue
New York, New York 10022

Glenn F. Ostrager
OSTRAGER CHONG FLAHERTY &
BROITMAN P.C.
250 Park Avenue
New York, New York 10177-0899

By: *Melony R. Anderson*
Melony R. Anderson (#4377)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com

Attorney for Defendants Rajesh K. Soin,
Vishal Soin, Amol Soin and Indu Soin