IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FTR CONSULTING, INC., derivatively on behalf of MTC TECHNOLOGIES, INC., | ) ) ) |
| Plaintiff, | ) ) ) C. A. No. 05-008-*** |
| v. | ) ) |
| RAJESH K. SOIN, VISHAL SOIN, AMOL SOIN, INDU SOIN and MTC TECHNOLOGIES, INC., | ) ) ) ) ) |
| Defendants. | ) |

**NOTICE OF FOURTH SUPPLEMENTAL AUTHORITY
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Rajesh, Vishal, Amol and Indu Soin ("Defendants") give notice of three recent decisions as additional authority supporting their motion to dismiss: *Levy v. Sterling Holding Co., LLC*, No. 00-994, 2007 WL 582555 (D. Del. Feb. 13, 2007) (Ex. A); *Tinney v. Geneseo Communications, Inc.*, 457 F. Supp. 2d 495 (D. Del. 2006) (Ex. B); and *Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202 (2nd Cir. 2006), *cert. denied*, 75 U.S.L.W. 3332, 3427, 3435 (2007) (Ex. C). These decisions hold, *inter alia*, that the United States Securities and Exchange Commission ("SEC") had authority to promulgate Rule 16b-3 and the 2005 amendments to Rule 16b-3 (the "Amended Rule"); that the SEC's interpretation of Rule 16b-3 is entitled to *Chevron* deference; that the Amended Rule merely clarifies what Rule 16b-3 has meant all along; and that the Amended Rule, therefore, applies to transactions that occurred before the 2005 amendments were promulgated, such as the transactions at issue in this case.

The *Levy* case, in particular, removes any doubt that the Amended Rule entirely disposes of this case. As our opening brief explains, it was the Third Circuit's 2002

decision in *Levy* that gave rise to uncertainty over whether Rules 16b-3 and 16b-7 required a compensatory purpose for board or shareholder-approved transactions to be exempted from Section 16(b). (*See* Mem. in Supp. of Defs.' Mot. to Dismiss at 2-3). The Third Circuit's opinion in *Levy* prompted the SEC to file an *amicus* brief in support of a rehearing *en banc*, and later, to promulgate the Amended Rule in 2005, to clarify that Rules 16b-3 and 16b-7 **never** required a compensatory purpose. On remand, this Court in *Levy* has now laid the issue to rest. Despite the Third Circuit's earlier decision, Judge Sleet granted defendants' motion for summary judgment on the grounds that the SEC's Amended Rule merely clarifies the pre-2002 meaning of Rules 16b-3 and 16b-7 and exempts the transactions in *Levy* from liability.

The holdings in *Levy*, *Tinney* and *Bruh* are each discussed below.

<u>*Levy v. Sterling*</u>

*Levy* involved a claim to recover alleged short-swing profits relating to Fairchild Semiconductor ("Fairchild"). Fairchild exchanged its outstanding preferred stock for common stock in anticipation of an initial public offering. 2007 WL 582555, at *1. Within six months of the issuance of Fairchild common shares to defendants National Semiconductor and Sterling Holding Company in exchange for their preferred stock, both defendants sold their common stock in a follow-on offering. *Id.* at *2. Plaintiff sued, alleging that the matching "purchase" and sale of common stock by the defendants violated Section 16(b). *Id.*

The *Levy* decision directly supports dismissal of plaintiff's complaint here. In *Levy*, Judge Sleet squarely rejected the same arguments raised by plaintiff in this case, including arguments that the Amended Rule was legislative; that "the [SEC's] views as to

2

whether its rules are legislative or interpretive are not entitled to deference" (*id.* at *4 (internal quotation marks omitted)); and that "regardless of how labeled, the Amendments cannot be applied retroactively." *Id.*

The Court also considered two preliminary issues raised by plaintiff in this case – "whether Congress has authorized the SEC to exempt the insider short-swing transactions at issue from section 16(b) liability and, if so, whether the SEC's interpretation of its own rules is a permissible reading of section 16(b)." *Id.* The Court answered each of these questions in the affirmative, finding that "the text of section 16(b) demonstrates that Congress gave the SEC broad authority" and the SEC's interpretation of its own rules exempting certain transactions from section 16(b) is entitled to great deference under the standard in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Id.* at *5. Citing *National Cable & Telecommunications Ass'n v. Brand X Internet Services,* 545 U.S. 967, 982-83 (2005), the Court further held that the Third Circuit's ruling in *Levy* does not alter the deference owed to the SEC's clarifying amendments under *Chevron* because "the Third Circuit did not conclude that section 16(b) unambiguously foreclosed the SEC's interpretation as forth in the Amendments . . . ." *Id.* at *5-6. To the contrary, Judge Sleet agreed with defendants and the SEC that section 16(b) "requires the SEC to interpret which transactions are exempt from its application," and that the "legislative history and purpose of [section 16(b)] support the SEC's interpretations set forth in the Amendments." *Id.* at *6. The Court also deferred to the SEC's expertise with respect to its findings that "transactions between an issuer and its officers and directors are not the type of 'insider' transactions contemplated by section 16(b), and need not have a compensatory element to qualify for exemption under Rule

3

16b-3(d)." *Id.* at \*7. Accordingly, the Court found that it "may not substitute its judgment for the SEC's judgment." *Id.* at \*9.

Finally, the Court considered and rejected plaintiff's argument that the Amended Rule could not apply retroactively to transactions occurring before its adoption. The Court analyzed the text of the adopting releases for Rules 16b-3 and 16b-7, as well as several no-action letters (one cited in Mem. in Support of Defs.' Mot. to Dismiss at 7, 14), and found that "the Amendments are consistent with the SEC's previously-stated positions regarding these rules." *Id.* at \*10. Because "the legal effect of the amended rules is the same as the legal effect of the pre-amendment rules," the Court concluded "that the Amendments are clarifying amendments available to any transaction on or after August 15, 1996 and May 1, 1991, for rules 16b-3 and 16b-7, respectively." *Id.* at \*11. The Court granted summary judgment for defendants. *Id.* at \*12.

### *Tinney v. Geneseo*

*Tinney* involved a claim to recover profits from an alleged short-swing transaction involving shares of Airgate stock that were issued to defendants in connection with a merger agreement and sold less than six months after the merger. 457 F. Supp. 2d at 497-98. This Court in *Tinney* had previously denied defendants' motion to dismiss, citing the Third Circuit's decision in *Levy* interpreting the *unamended* version of Rule 16b-3. *Id.* at 499 n.6. Noting that Rule 16b-3 had subsequently been amended to clarify that its exemption is available whether or not board-approved transactions had a compensatory purpose (*id.* at 499 n.5 ), Chief Judge Robinson of this District Court granted defendants' motion for judgment on the pleadings.

In doing so, this Court held that "the SEC had the power to enact the exemptions listed in Rule 16b-3 (as well as the 2005 amendment stating that transactions need not have a compensatory element in order to be eligible for such exemptions.)" *Id.* at 503. Judge Robinson reasoned that Congress "'explicitly left a gap for [the SEC] to fill,' and the SEC enacted a new version of Rule 16b-3 consistent with what it reasonably believed to be § 16(b)'s statutory purpose; therefore, this court 'may not substitute its own construction' for, and must give deference to, the SEC's interpretation of § 16(b).'" *Id.* (quoting *Robert Wood Johnson Univ. Hosp. v. Thompson*, 297 F.3d 273, 281 (3d Cir. 2002)). The Court also ruled that the Amended Rule "'did not alter existing rights or obligations; it merely clarified what those existing rights and obligations had always been.'" *Id.* at 504 (quoting *Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary*, 93 F.3d 103, 113 (3d Cir. 1996) (emphasis deleted)). Therefore, the Court found that "the 2005 amendment to Rule 16b-3 was an interpretive clarification which is 'available to any transaction on or after August 15, 1996 that satisfies the regulatory conditions so clarified.'" *Id.* at 505 (quoting *Ownership Reports and Trading by Officers, Directors and Principal Security Holders*, 70 Fed. Reg. 46,080, 46,080 (Aug. 9, 2005)).

<u>Bruh v. Bessemer Venture Partners</u>

The Second Circuit Court of Appeals decision in *Bruh* provides further support that: (1) the SEC had statutory authority to enact the August 2005 amendments to Rule 16b-7 and Rule 16b-3; (2) the amendments merely clarified the meaning of Rule 16b-7 and Rule 16b-3; and (3) therefore, the amendments apply to transactions that occurred before they were adopted. In *Bruh*, the Second Circuit considered "whether a stock reclassification – converting Bessemer's preferred stock [of VistaCare] into

5

common – that occurred in December 2002 can properly be matched against [a sale of the common stock] and thus give rise to liability for short-swing insider training under § 16(b)." 464 F.3d at 203-04. The Court held that it could not, and it affirmed the district court's grant of summary judgment for the defendant.

In so ruling, the Second Circuit held that the SEC had the authority to promulgate Rule 16b-7 and the 2005 amendments. *Id.* at 208, 214 ("Congress explicitly delegated to the Commission the policymaking authority to exempt certain transactions 'as not comprehended within the purpose of this subsection,' and took the further step of admonishing the courts that the statute 'shall not be construed' otherwise." (quoting 15 U.S.C. § 78p(b)). The Second Circuit also held that the SEC's interpretation of its own rule was entitled to deference under *Chevron*. *See id.* at 206 (the SEC's "construction of the old Rule 16b-7 is not plainly erroneous, and it is therefore controlling."). The court was "obligated to accept the Commission's interpretation of Rule 16b-7 – here expressed both by the Commission's *amicus* brief [*see* Defs.' Second Supp. Auth.] and by the 2005 amendments to the rule itself – so long as it represents 'a plausible construction of the language of the actual regulation.'" *Id.* at 207 (quoting *Ehlert v. United States*, 402 U.S. 99, 105 (1971)). The Court further held that there was no basis for plaintiff's assertions that the 2005 amendments were being applied retroactively. *Id.* at 213 ("Needless to say, where applying the old rule produces the same result as would the new rule, there is no impermissible retroactive effect.").

Lastly, as with this Court's recent decision in *Levy*, the Second Circuit in *Bruh* rejected plaintiff's argument that the Third Circuit's 2002 *Levy* decision determines the outcome of the case. The Third Circuit's *Levy* decision is distinguishable because the

SEC has since provided the courts with "precisely what the Third Circuit lacked when conducting its inquiry in that case: the answer to whether 'the conversion of the preferred stock . . . [w]as the type of reclassification that the SEC would . . . have intended to exempt by Rule 16b-7.'" *Id.* (quoting *Levy v. Sterling Holding Co.*, 314 F.3d 106, 117 (3d Cir. 2002). For the reasons set forth above, the Second Circuit held that the SEC's guidance, in the form of its *amicus* brief in *Bruh* and the 2005 amendments to Rules 16b-7 and 16b-3, were entitled to deference and exempted the transaction at issue from Section 16(b).

On February 20, 2007, the U.S. Supreme Court denied plaintiff's *certiorari* petition, thus allowing the Second Circuit's decision in *Bruh* to stand. 75 U.S.L.W. 3332, 3427, 3435 (2007).

## CONCLUSION

The decisions of this Court in *Levy* and *Tinney* and the Second Circuit's decision in *Bruh* all hold that the SEC had authority to adopt Rule 16b-3; that the SEC similarly had authority to adopt the 2005 Amendments to Rule 16b-3; that the SEC's interpretation of its own rule is entitled to deference under *Chevron*; and that the 1996 version of the rule exempted all insider-issuer transactions properly approved by the issuer's board or shareholders, whether compensatory or not, from Section 16(b) liability. Each of these cases provides further support for dismissal of the complaint in this case. For the reasons articulated by this Court and the Second Circuit, and set forth more fully in Defendants' motion to dismiss and supporting memoranda, this Court should dismiss the complaint with prejudice.

POTTER, ANDERSON & CORROON LLP

OF COUNSEL:

Geoffrey J. Ritts
Salim A. Kafiti
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Tel: (216) 586-3939
Fax: (216) 579-0212

Dated: March 14, 2007

783590 / 28806

By: /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
Melony R. Anderson (#4377)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6027
Fax: (302) 658-1192
rhorwitz@potteranderson.com
manderson@potteranderson.com

Attorney for Defendants Rajesh K. Soin, Vishal Soin, Amol Soin and Indu Soin

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on March 14, 2007, the attached document was served via hand delivery and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Theodore J. Tacconelli | Robert Stearn, Jr. |
| FERRY, JOSEPH & PEARCE, P.A. | RICHARDS, LAYTON & FINGER |
| 824 Market Street | One Rodney Square |
| Suite 904 | 920 North King Street |
| P.O. Box 1351 | Wilmington, Delaware 19801 |
| Wilmington, Delaware 19899 | |

I hereby certify that on March 14, 2007, the attached document was served via first class mail to the following non-registered participants:

| | |
|---|---|
| Paul D. Wexler | Glenn F. Ostrager |
| BRAGAR WEXLER EAGEL & | OSTRAGER CHONG FLAHERTY & |
| MORGENSTERN, P.C. | BROITMAN P.C. |
| 885 Third Avenue | 250 Park Avenue |
| New York, New York 10022 | New York, New York 10177-0899 |

By: /s/ Richard L. Horwitz
Richard L. Horwitz
Melony R. Anderson
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
manderson@potteranderson.com

Attorney for Defendants Rajesh K. Soin,
Vishal Soin, Amol Soin and Indu Soin