UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| FTR CONSULTING, INC., derivatively on behalf of MTC TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>RAJESH K. SOIN, VISHAL SOIN, AMOL SOIN, INDU SOIN and MTC TECHNOLOGIES, INC.,<br><br>    Defendants. | Civil Action No. 05-00008 (***) |

## NOTICE OF PLAINTIFF'S RESPONSE TO DEFENDANTS' SUBMISSION OF SUPPLEMENTAL AUTHORITIES

Plaintiff FTR Consulting, Inc. ("FTR") submits this Response to the four Notices of Supplemental Authorities filed by defendants Rajesh Soin ("Rajesh"), Vishal Soin ("Vishal"), Amol Soin ("Amol") and Indu Soin ("Indu") in support of their motion to dismiss the complaint. Without repeating the arguments in its opposing papers, plaintiff will respond to the applicability of the Supplemental Authorities to this case. Principally, the cases cited by defendants are not dispositive of this motion because Vishal, Amol and Indu are not officers or directors of MTC and thus Rule 16b-3(d) does not apply to the purchases that the complaint matches with Rajesh's sales.

The Supplemental Authorities refer to the following :

1. *Segen v. CDR Cookie Acquisition, LLC*, a 2006 decision from the United States District Court for the Southern District of New York, upholding the SEC's authority to enact SEC Rule 16b-3(d) (the "Rule") and holding that the Rule is not limited to compensatory transactions;

2. The SEC's amicus brief in the Second Circuit in *Bruh v. Bessemer Venture Partners III* arguing that it had the authority to enact Rule 16b-7, which relates to reclassifications;

3. The Ninth Circuit's decision in *Dreiling v. American Express* which upheld the validity of the Rule, albeit with limitations; and

4. In the Fourth Submission, defendants rely upon three cases: Judge Sleet's decision in *Levy v. Sterling Holding Co., LLC*, Chief Judge Robinson's 2006 decision in *Tinney v. Genesco Communications, Inc.* and the Second Circuit's decision in *Bruh v. Bessemer Venture Partners III, LP.* In *Levy*, Judge Sleet held that the Rule was within the SEC's authority and that the SEC's clarification of the Rule in 2005 was not a retroactive rulemaking. The *Tinney* decision is to the same effect. In *Bruh*, the Second Circuit upheld the authority of the SEC to exempt reclassifications and supported the Commission's interpretation of this regulation.

However, as the Third Circuit will soon hear argument and make a ruling on the pending appeal from Judge Sleet's decision in *Levy*, plaintiff respectfully

suggests that the Court should defer decision on the authority issue until after the Third Circuit rules in *Levy*. However, the Court need not reach the issue of the SEC's authority in order to deny this motion. Even assuming that the Rule is a valid exercise of SEC rulemaking power, on its face, the Rule has no applicability to these facts and the exemption does not help defendants.

### POINT I

### THE RULE DOES NOT APPLY TO THIS PURCHASE

#### A. The Rule Does Not Apply Unless the Transaction Is Between An Officer or Director of the Issuer and the Issuer

As noted in our opposition brief, defendants' motion is premised on the assumption that the Rule, as re-worked by the 2005 rule-making, provides an exemption for the October 2003 purchase by Indu, Amol and Vishu. That premise is plainly incorrect. As noted in *Levy*, the Rule is entitled *"Transactions between the issuer and its officers and directors"*. Subsection (a) provides that a "transaction between the issuer (including an employee benefit plan sponsored by the issuer) *and an officer or director of the issuer* that involves issuer equity securities shall be exempt from section 16(b)" (emphasis added). The purchase transaction in this case was not between the issuer and a director or officer; neither Indu, Amol nor Vishu were MTC officers or directors. Thus, on its face, as we show in our earlier Memorandum of Law, the Rule is inapplicable and the motion should be denied.

B.  **There Are Issues of Fact As to Whether the**
    **MTC Board Met its Gate-Keeping Responsibilities**

Even if the Court finds that the Rule does apply to a purchase by someone other than an officer or director, not every such transaction qualifies for the exemption. Both the Ninth Circuit and the SEC have emphasized the requirement that the board of directors meet certain gate-keeping functions in order to preserve the exemption.

In order to invoke the exemptive provisions of the Rule, the Board, or a committee of at least two outside directors, must approve the specific option grant in advance (the "Board Approval Exemption"). 17 C.F.R. § 240.16b-3(d)(1); *See, Gryl v. Shire Pharmaceuticals Group PLC,* 298 F.3d 136141 (2d Cir. 2002)(in order to qualify for the Board Approval Exemption "[t]he transaction must be approved in advance by the issuer's board of directors."); *Ownership Reports and Trading by Officers, Directors and Principal Security Holders,* Release 33-8600 (2005), 70 Fed. Reg. 46080, 46082 -84 (Aug. 9, 2005)(the "2005 Adopting Release"); *Ownership Reports and Trading by Officers, Directors and Principal Security Holders,* Release 34-37260 (1996), 61 Fed. Reg. 30376, 30,380 (June 14, 1996)(the "1996 Adopting Release")[2]

---

[2] In the 2005 Adopting Release, the SEC states: "With respect to shareholder, board and Non-Employee Director committee approval, Rule 16b-3(d) requires approval in advance of the transaction." 70 Fed. Reg. 46082, fn. 32. Similarly, in the 1996 Release, the SEC states that the first two conditions [of the Rule] exempt an acquisition that is either: "(i) [a]pproved in advance by the board of directors or a committee of the board composed of two or more 'Non-Employee Directors'; or (ii) *approved in advance, or subsequently ratified* not later than the date of the next annual meeting of the shareholders, by shareholders". (emphasis added) 1996

In addition, the approval must be more than a rubber stamp. The board or the committee is required to "actually consider each specific transaction and that it evidence 'acknowledgment and accountability' as to what it is doing". *See* SEC amicus brief to the Ninth Circuit in *Dreiling v. American Express Travel Related Services,* 04-35715, at 25, *available at,* http://www.sec.gov/litigation/briefs/dreiling040505.pdf ; Note 3 to Rule 16b-3(d). Gatekeeping is a fundamental requirement of the Rule.

In *Dreiling v. American Express Co.,* 458 F.3d 954 (9th Cir. 2006), the Court explored the interplay between §16(b) and the Rule. First, the Court analyzed the purpose of the statute.

> The SEC adopted the 1996 version of Rule 16b-3(d) as part of a number of amendments to Rule 16b-3 to present a "simplified, flexible approach" to insider transactions. Ownership Reports and Trading by Officers, Directors and Principal Security Holders, 61 Fed.Reg. 30,376, 30,377 (June 14, 1996)[the "1996 Adopting Release"]. . . . The SEC . . . concluded that short-swing transactions between an insider and an issuer that *"satisfy ... objective gate-keeping conditions[ ] are not vehicles for the speculative abuse that section 16(b) was designed to prevent." Id.* Thus, the SEC enacted Rule 16b-3(d) because board or shareholder-approved insider-issuer transactions were "not contemplated within the purpose" of §16(b).

458 F.3d 942 at 948 (*emphasis added*).

The Court noted that the board's gatekeeping process would serve as a curb on insider abuse:

> After notice and comment, the SEC determined that board-approved transactions between an issuer and an insider were unlikely to result in speculative abuse, and that the risk of such

---

Adopting Release at 30,380.

-5-

> abuse was therefore tolerable. As amicus curiae, the SEC adds that in considering Rule 16b-3(d), it found that insider-issuer transactions did not pose an intolerably great risk of abuse because "*[b]oard or shareholder approval will remove the timing of the acquisition from the control of any one insider and also tend to assure that the acquisition is for a legitimate corporate purpose.*" See also *Gryl v. Shire Pharm. Group PLC,* 298 F.3d 136, 145-46 (2d Cir.2002)(*emphasis added*).

*Dreiling v. American Exp. Co.*, 458 F.3d 942, 950 (9th Cir. 2006).

In this case, even if the transaction with Rajesh's wife and children could be considered as a transaction with a director or officer, the applicability of the exemption is dependent upon a determination that the board of directors considered the transaction and intended to approve it. If the exemption is based upon delegation of authority, the board is also required to know that the person(s) with whom it is dealing are acting on behalf of an officer or director. As the Ninth Circuit stated in *Dreiling* "…the SEC observes in its amicus brief, '[i]t is … imperative, for the purposes of Rule 16b-3(d), that the members of any corporate board know when another person serving on the same board is deputized by another person or entity to carry out its interests.' If a board does not know that one of its directors is a deputy for another corporation, and thus a potential conduit for inside information, the board 'would have no reason for special vigilance … and … would not effectively serve its gatekeeping function and ensure accountability.' (footnotes omitted)" 458 F.3d 942 at 954.

The record does not reflect that the MTC board either: a) performed its gatekeeping function; or b) intended to exempt the transaction with Indu, Amol and

Vishu. Thus, even if the Rule could be interpreted to apply to the purchase, there are issues of fact that must be determined before the Court can determine whether or not the Rule is applicable. See, *Tinney v. Genesco Communications, Inc.*, 502 F.2d 409, fn. 11 at 414 (D. Del. 2007).

## CONCLUSION

Defendants' motion to dismiss the complaint should be denied.

Dated: January 14, 2008

Respectfully submitted,

FERRY, JOSEPH & PEARCE, P.A.

By: /s/ Theodore J. Tacconelli
    Theodore J. Tacconelli (No. 2678)

824 Market Street
Suite 904
P.O. Box 1351
Wilmington, Delaware 109899
(302) 575-1555

PAUL D. WEXLER
BRAGAR WEXLER & EAGEL P.C.
885 Third Avenue
New York, New York 10022
(212) 308-5858

GLENN F. OSTRAGER
OSTRAGER CHONG FLAHERTY
 & BROITMAN P.C.
570 Lexington Avenue
New York, New York 10022-6894

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2008, I electronically filed Notice of Plaintiff's Response to Defendants' Submission of Supplemental Authorities with the Clerk of Court using the CM/ECF which will send notification of such filings to the following:

Robert J. Stearn, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

Richard Horwitz, Esquire
Melony R. Anderson, Esquire
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801

I hereby certify that on January 14, 2008, I have mailed, by United States Postal Service, the document to the following non-registered participant:

Geoffrey Ritts, Esquire
Jones Day
North Point
901 Lakeside Ave.
Cleveland, OH 44144

/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No. 2678)
FERRY, JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
Wilmington, DE 19899
(302) 575-1555
ttacconelli@ferryjoseph.com