# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FTR CONSULTING, INC., derivatively on behalf of MTC TECHNOLOGIES, INC., ) ) ) | |
| Plaintiff, ) ) | C.A. No. 05-008-*** |
| v. ) ) | |
| RAJESH K. SOIN, VISHAL SOIN, AMOL SOIN, INDU SOIN and MTC TECHNOLOGIES, INC., ) ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY BRIEF REGARDING SUPPLEMENTAL AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

OF COUNSEL:

Geoffrey J. Ritts
Salim A. Kafiti
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Tel: (216) 586-3939
Fax: (216) 579-0212

Dated: January 22, 2008
843827 / 28806

Richard L. Horwitz (#2246)
Melony R. Anderson (#4377)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6027
Fax: (302) 658-1192
rhorwitz@potteranderson.com
manderson@potteranderson.com

*Attorneys for Defendants Rajesh K. Soin,
Vishal Soin, Amol Soin and Indu Soin*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... i

INTRODUCTION ..................................................................................................................1

    I.     PLAINTIFF HAS NO MEANINGFUL RESPONSE TO
          DEFENDANTS' SUPPLEMENTAL AUTHORITIES. .........................................1

    II.    PLAINTIFF'S SUR-REPLY ARGUMENTS ARE UNAVAILING........................2

        A.    THE COMPLAINT ALLEGES A TRANSACTION
             BETWEEN MTC AND ONE OF ITS DIRECTORS................................3

        B.    THE BOARD APPROVED THE PURCHASE IN
             ACCORDANCE WITH RULE 16B-3(D)(1).............................................5

CONCLUSION........................................................................................................................7

# **TABLE OF AUTHORITIES**

**CASES**

**Page(s)**

*DiLorenzo v. Murphy*,
  443 F.3d 224 (2d Cir. 2006)......................................................................................................4

*Donoghue v. Casual Male Retail Group, Inc.*,
  375 F. Supp. 2d 226 (S.D.N.Y. 2005).................................................................................... 3-4

*Donoghue v. Casual Male Retail Group, Inc.*,
  427 F. Supp. 2d 350 (S.D.N.Y. 2006)......................................................................................4

*Dreiling v. American Express Co.*,
  458 F.3d 942 (9th Cir. 2006) .................................................................................................1, 6

*Gryl ex rel. Shire Pharms. Group PLC v. Shire Pharms. Group PLC*,
  298 F.3d 136 (2d Cir. 2002), *cert. denied*, 537 U.S. 1191 (2003)........................................2, 6

*Levy v. Sterling Holding Co., LLC*,
  475 F. Supp. 2d 463 (D. Del. 2007).........................................................................................1

*Parilla v. IAP Worldwide Servs. VI, Inc.*,
  368 F.3d 269 (3d Cir. 2004).....................................................................................................3

*Roth ex rel. Beacon Power Corp. v. Perseus, L.L.C.*,
  No. 05 Civ. 10466 (RPP), 2006 U.S. Dist. LEXIS 52321 (S.D.N.Y. July 31, 2006)................2

*Segen v. CDR-Cookie Acquisitions, L.L.C.*,
  No. 05 Civ. 3509 (RWS), 2006 U.S. Dist. LEXIS 3053 (S.D.N.Y. Jan. 4, 2006).....................2

*Tinney v. Gineseo*,
  502 F. Supp. 2d 409 (D. Del. 2007)................................................................................1, 3, 4

**STATUTES, RULES & REGULATIONS**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................2

SEC Rule 16b, 17 C.F.R. § 240.16b

17 C.F.R. § 240.16b-3........................................................................................................... Passim

17 C.F.R. § 240.16b-3(d) ...............................................................................................................6

17 C.F.R. § 240.16b-3(d)(1) ..................................................................................................2, 5, 6

## **INTRODUCTION**

Rather than respond to any of the supplemental authorities in support of defendants' motion to dismiss, plaintiff has chosen to file what in effect is a sur-reply brief opposing the dismissal motion. That sur-reply ("Plaintiff's Sur-Reply" (D.I. 46)) merely repeats the same arguments that plaintiff made more than two years ago, in its first opposition brief to the motion to dismiss, and three years ago, in opposing defendants' motion to stay. We already responded to those arguments twice, but feel compelled to re-plow that same ground at least briefly here.

**I.   PLAINTIFF HAS NO MEANINGFUL RESPONSE TO DEFENDANTS' SUPPLEMENTAL AUTHORITIES.**

Defendants' supplemental authorities, taken together, further demonstrate that the SEC's 2005 clarifying amendment to Rule 16b-3 (the "Amended Rule"): i) was within the SEC's rule-making authority; ii) has retroactive effect because it merely clarified existing law; and iii) applies to non-compensatory transactions such as the one at issue here.

Plaintiff wrestles with none of the supplemental authorities that defendants have submitted. Instead, plaintiff asks aimlessly for the Court to "defer decision on the authority issue until after the Third Circuit rules in *Levy*." (*See* Pl.'s Sur-Reply at 2-3.) But there is no reason for this Court to wait any longer to dispose of this already well-aged case. As demonstrated by the supplemental authorities, and other cases cited to this Court, the recent case law has erased any ambiguity that may have once existed about Rule 16b-3's applicability to transactions such as the one here. *See Levy v. Sterling Holding Co., LLC*, 475 F. Supp. 2d 463, 479 (D. Del. 2007) (applying the Amended Rule retroactively and granting summary judgment for defendants); *Tinney v. Gineseo*, 502 F. Supp. 2d 409, 419-21 (D. Del. 2007) (applying the Amended Rule retroactively and granting defendants' motion for judgment on the pleadings); *Dreiling v. American Express Co.*, 458 F.3d 942, 952 (9th Cir. 2006) (affirming the district court's

application of Rule 16b-3 to a non-compensatory issuance of securities); *Gryl ex rel. Shire Pharms. Group PLC v. Shire Pharms. Group PLC*, 298 F.3d 136, 138-39, 146 (2d Cir. 2002), *cert. denied*, 537 U.S. 1191 (2003) (affirming dismissal of plaintiff's complaint pursuant to Rule 16b-3(d)(1) where securities were acquired by defendants during a corporate merger approved by issuer's board of directors); *Segen v. CDR-Cookie Acquisitions, L.L.C.*, No. 05 Civ. 3509 (RWS), 2006 U.S. Dist. LEXIS 3053, at *23-24 (S.D.N.Y. Jan. 4, 2006) (dismissing complaint because Rule 16b-3 exempted transactions made by deputized directors from Section 16(b) liability); *Roth ex rel. Beacon Power Corp. v. Perseus, L.L.C.*, No. 05 Civ. 10466 (RPP), 2006 U.S. Dist. LEXIS 52321, at * 32-33 (S.D.N.Y. July 31, 2006) (dismissing complaint under Rule 12(b)(6) because transaction was exempt under Rule 16b-3).

## II.    PLAINTIFF'S SUR-REPLY ARGUMENTS ARE UNAVAILING.

Rather than deal with the supplemental authorities and the other cases showing the validity and applicability of the Amended Rule to this case (because it cannot), plaintiff instead rehashes arguments from its earlier briefs opposing defendants' motion to dismiss and motion to stay, to no greater effect than before.  We already have addressed these arguments twice before – in reply briefs supporting our motion to stay (D.I. 13) and our motion to dismiss (D.I. 30).  This Court has considered and rejected the same arguments, at least implicitly, in granting Defendants' Motion To Stay.[1]  It should do the same again.

---

[1] Defendants sought a stay in 2005, while the SEC considered whether to adopt the Amended Rule.  Our motion to stay pointed out that the Amended Rule, if adopted, would dispose of this case.  (*See* Defs.' Mot. to Stay (D.I. 3); Mem. Supp. Mot. to Stay (D.I. 4.)  Plaintiff opposed the motion to stay, arguing that the Amended Rule would not apply to this transaction for the same reasons plaintiff makes again in sur-reply.  (S*ee* Pl.'s Opp'n Mot. to Stay (D.I. 10.)  The Court disagreed with plaintiff's position and granted the stay, finding that the Amended Rule would be of "significant relevance."  (*See* 05/10/05 Order (D.I. 17).)

2

### A.  The Complaint Alleges A Transaction Between MTC And One Of Its Directors.

Plaintiff's argument that the challenged "purchase" here was not made by an officer or director of MTC Technologies, Inc. ("MTC") contradicts the express allegations of the complaint.[2]  Plaintiff raised this same argument twice before (*see* Pl.'s Opp'n Mot. to Stay at 7 (D.I. 10); Pl.'s Opp'n Mot. to Dismiss at 7 (D.I. 28)) and defendants have twice rebutted it (*see* Reply Supp. Mot. to Stay at 2-3 (D.I. 13); Reply Supp. Mot. to Dismiss at 3-6 (D.I. 30)).  Now the sur-reply repeats plaintiff's arguments again, but fails to address any of the points from defendants' earlier briefing.

Plaintiff's theory that Rajesh Soin "purchased" MTC stock for purposes of establishing a violation of Section 16(b) but did <u>not</u> purchase MTC stock for purposes of determining whether a Rule 16b-3 exemption applies makes no sense.  Setting aside the complaint's express allegation that Rajesh should be deemed to have bought MTC stock (Compl. ¶19), and plaintiff's earlier argument that "Rajesh purchased and sold MTC common stock within a six-month period" (Pl.'s Opp'n Mot. to Dismiss at 4), it is logically impossible for Rajesh to have both purchased and not purchased the same shares of MTC stock.  Plaintiff cites no new authority to support this doublethink theory, and the one case plaintiff relied on in its opposition brief, *Donoghue v.*

---

[2] The complaint alleges that "the purchases of stock by Indu, Vishal and Amol are attributed to Rajesh" (Compl. ¶ 19 (D.I. 1)), and that "[a]t all relevant times since the Company was formed, defendant Rajesh . . . was MTC's Chairman of the Board of Directors." (*Id.* ¶ 3.)  The allegation that Rajesh Soin was a director of MTC must be accepted as true for purposes of this motion (and is true as a matter of fact besides). *See Tinney*, 502 F. Supp. 2d at 416-17 (where "the amended complaint alleges . . . [that] defendants were indeed directors 'at all relevant times' . . . , then they are entitled to seek exemption under Rule 16b-3, regardless of whether they deny having been directors at the time"); *see also Parilla v. IAP Worldwide Servs. VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004) (denying plaintiff's motion to dismiss appeals of defendants for lack of standing because plaintiff expressly conceded the relevant facts in her complaint).  Because Rajesh was a director of MTC at all relevant times and the complaint alleges that the "purchase" of MTC securities by Indu, Vishal and Amol was actually a "purchase" by Rajesh, Rule 16b-3 applies to the "purchase" transaction.  (*See* Reply Supp. Mot. to Dismiss at 3-6.)

3

*Casual Male Retail Group, Inc.*, 375 F. Supp. 2d 226 (S.D.N.Y. 2005) has been overruled. *See Donoghue v. Casual Male Retail Group, Inc.*, 427 F. Supp. 2d 350 (S.D.N.Y. 2006) (granting defendants' motion for reconsideration and granting defendants' motion for summary judgment on the grounds that Rule 16b-3 exempted the transaction at issue from Section 16(b) liability). In any event, the original *Donoghue* opinion did not support plaintiff's argument for the reasons we previously explained. (*See* Reply Supp. Mot. to Dismiss at 5-6.) Moreover, two cases decided since plaintiff opposed the motion to dismiss have expressly rejected the same theory.

In *Tinney v. Gineseo*, 502 F. Supp. 2d 409 (D. Del. 2007), the complaint alleged that defendants could all be held liable under the director prong of Section 16(b) due to their "status as . . . member[s] of a group, one of whose members is a director." *Id.* at 420. Just like the plaintiff in this case, plaintiff argued that even if some members of the group were exempt under Rule 16b-3 as directors, that exemption would not apply to certain other related defendants. *Id.* at 420 n.20. Judge Robinson rejected plaintiff's argument, holding that "the theory of liability upon which this claim rests is a legal construct with no support in the law." *Id.* at 420.

The Second Circuit has also rejected plaintiff's theory. In *DiLorenzo v. Murphy*, 443 F.3d 224, 229-30 (2d Cir. 2006), plaintiff argued nearly verbatim the same theory as the plaintiff here in appealing dismissal of the complaint for failure to state a claim. *See* Appellant's Br. in *DiLorenzo v. Murphy*, No. 04-5052-CV, 2005 U.S. 2d Cir. Briefs LEXIS 233, at *13-14 (Feb. 14, 2005) (attached as Ex. A). The Second Circuit found plaintiff's argument to be without merit and affirmed the district court's dismissal of the complaint on the ground that Rule 16b-3 exempted the transaction from Section 16(b). 443 F.3d at 229-30.

Plaintiff cannot have it both ways. Either the "purchase" of securities by Indu, Vishal and Amol is deemed a purchase by Rajesh and Rule 16b-3 applies, or it was not a purchase by

4

Rajesh, and the complaint fails to allege any matching purchase and sale within a six-month period upon which to ground Section 16(b) liability. Either way, the complaint must be dismissed as a matter of law.

      **B.**      **The Board Approved The Purchase In Accordance With Rule 16b-3(d)(1).**

Plaintiff also reprises its argument that MTC's board failed to approve the transaction in the manner prescribed by Rule 16b-3(d)(1). (*Compare* Pl.'s Sur-Reply at 4-7 with Pl.'s Opp'n Supp. Mot. to Dismiss at 8-9 and Pl.'s Opp'n Supp. Mot. to Stay at 7). That argument fares no better the third time around either.

As defendants have argued before (*see* Reply Supp. Mot. to Stay at 3; Reply Supp. Mot. to Dismiss at 6-9), the complaint alleges no facts, and plaintiff cites no case law, suggesting that the issuance of MTC stock in connection with MTC's acquisition of International Consultants, Inc. ("ICI") was beyond the exemption afforded by Rule 16b-3(d)(1). The only requirement stated in Rule 16b-3(d)(1) is board approval of the transaction, a condition which plaintiff does not dispute occurred in this case. Plaintiff's vague reference to unspecified "gate-keeping" requirements notwithstanding (*see* Pl.'s Sur-Reply at 4-7), Third Circuit authority does not recognize any additional prerequisites to apply the Rule 16b-3(d)(1) exemption beyond what is stated in the rule's plain language.

Even if there were extra-textual requirements for Rule 16b-3(d)(1) to apply – which there are not – those requirements would be satisfied here. As defendants have already established (*see* Reply Supp. Mot. to Stay at 3 (D. I. 13); Mem. Supp. Mot. to Dismiss at 22-23 (D.I. 23); Reply Supp. Mot. to Dismiss at 6-9), MTC's board resolutions and public filings clearly show that any conceivable "gatekeeping" requirements were met when the board approved MTC's acquisition of ICI: The board knew that Rajesh Soin was a director of MTC and of the nature of Rajesh's relationship with Amol, Indu and Vishal Soin and ICI; and it nonetheless approved the

transaction in a manner consistent with the terms of Rule 16b-3(d)(1).  (*See* Mohn Decl. ¶¶ 3-5 & Exs. A-C (D.I. 14); Horwitz Decl. ¶¶ 2-3 & Exs. A-B (D.I. 24) (attaching MTC Technologies, Inc., 8-K, Oct. 1, 2003 & Definitive Proxy Statement, Mar. 22, 2004).  More than two years since filing its opposition brief, plaintiff has nothing new to say about this issue.  Given the facts alleged in the complaint and described in MTC's public filings, plaintiff has no basis to assert a litigable issue with regard to the board's approval of the transaction at issue in this case.[3]

Finally, to the extent that plaintiff has read a purpose-specific approval requirement into Rule 16b-3 (*see* Pl.'s Sur-Reply at 6-7), it has done so in error.  As defendants have previously argued (*see* Reply Supp. Mot. to Stay at 3; Reply Supp. Mot. to Dismiss at 7), nothing in Rule 16b-3(d)(1) (whether before or after its recent amendments) requires the board's approval to contain any magic words to invoke the Rule 16b-3(d)(1) exemption.  *See Gryl*, 298 F.3d at 144-45 (Rule 16b-3(d)(1) does not require that the "board . . . approve the [transaction] with an express indication that its approval was intended to invoke the exemption"); SEC's Mem. *Amicus Curiae* Supp. Appellee's Petition Reh'g Or Reh'g *En Banc*, *Levy v. Sterling,* No. 02-1698 (3d Cir. Feb. 27, 2003), at 24-26 (Mem. Ex. B) (D.I. 23-2).  Accordingly, the MTC board's advance approval of the issuance of MTC common stock in connection with the ICI transaction satisfies all of the requirements of Rule 16b-3(d)(1).

---

[3] Plaintiff's citation to the *Dreiling* case's discussion of deputized directors (*see* Pl.'s Sur-Reply at 6) is not pertinent here.  In this case, the complaint does not allege that Amol, Vishal and Indu Soin were deputized directors.  Instead, it alleges that Rajesh is a director in his own personal capacity.  (Compl. ¶ 19).  But even if Amol, Vishal and Indu Soin were directors by deputization (which they were not), Rule 16b-3 would still apply in this case.  As the Ninth Circuit held in *Dreiling*, "directors by deputization are entitled to seek the protection of Rule 16b-3(d) to the same extent, and on the same terms, as an individual director or officer."  458 F.3d at 953.

## **CONCLUSION**

For the reasons set forth above, and in Defendants' previous submissions to this Court, plaintiff's complaint should be dismissed in its entirety and with prejudice.

                POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | By: */s/ Richard L. Horwitz* |
|---|---|
| | Richard L. Horwitz (#2246) |
| Geoffrey J. Ritts | Melony R. Anderson (#4377) |
| Salim A. Kafiti | Hercules Plaza, 6th Floor |
| JONES DAY | 1313 North Market Street |
| North Point | Wilmington, Delaware 19801 |
| 901 Lakeside Avenue | Tel: (302) 984-6027 |
| Cleveland, Ohio 44114 | Fax: (302) 658-1192 |
| Tel: (216) 586-3939 | rhorwitz@potteranderson.com |
| Fax: (216) 579-0212 | manderson@potteranderson.com |
| | |
| Dated: January 22, 2008 | *Attorneys for Defendants Rajesh K. Soin,* |
| 843827 / 28806 | *Vishal Soin, Amol Soin and Indu Soin* |

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

      I, Richard L. Horwitz, hereby certify that on January 22, 2008, the attached document was served via hand delivery and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Theodore J. Tacconelli | Robert Stearn, Jr. |
| FERRY, JOSEPH & PEARCE, P.A. | RICHARDS, LAYTON & FINGER |
| 824 Market Street | One Rodney Square |
| Suite 904 | 920 North King Street |
| P.O. Box 1351 | Wilmington, Delaware 19801 |
| Wilmington, Delaware 19899 | |

      I hereby certify that on January 22, 2008, the attached document was served via first class mail to the following non-registered participants:

| | |
|---|---|
| Paul D. Wexler | Glenn F. Ostrager |
| BRAGAR WEXLER EAGEL & | OSTRAGER CHONG FLAHERTY & |
| MORGENSTERN, P.C. | BROITMAN P.C. |
| 885 Third Avenue | 250 Park Avenue |
| New York, New York 10022 | New York, New York 10177-0899 |

By: */s/ Richard L. Horwitz*
      Richard L. Horwitz
      POTTER ANDERSON & CORROON LLP
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      P.O. Box 951
      Wilmington, DE 19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com

      *Attorneys for Defendants Rajesh K. Soin,*
      *Vishal Soin, Amol Soin and Indu Soin*